MARIE S. VON RAMM v. OLAF T. VON RAMM

No. 8914DC701

(Filed 19 June 1990)

1. **Rules of Civil Procedure § 60.4 (NCI3d) — motion to set aside denied — appeal — underlying judgment not reviewed**
   Defendant's notice of appeal from the trial court's order denying his motion to set aside an earlier child support order referred only to the denial to set aside and therefore did not present the underlying judgment for review.

   **Am Jur 2d, Appeal and Error § 711.**

2. **Appeal and Error § 450 (NCI4th) — child support — stipulation that appeal was proper — no jurisdiction conveyed by stipulation**
   A stipulation by the parties that notice of appeal from two judgments was "timely and proper" could not confer jurisdiction on the Court of Appeals to review one judgment for which no proper notice of appeal was given.

   **Am Jur 2d, Appeal and Error §§ 723, 725.**

**3. Divorce and Alimony § 24.1 (NCI3d) — child support — mortgage payments not compelled**

The trial court's judgment did not compel defendant to pay mortgage payments on the parties' home but instead allowed defendant to pay child support in the form of cash or mortgage payments, and the judgment was therefore proper.

**Am Jur 2d, Divorce and Separation §§ 630, 1024, 1025, 1044.**

APPEAL by defendant from judgment entered 30 January 1989 by *Judge Richard G. Chaney* in DURHAM County District Court. Heard in the Court of Appeals 10 January 1990.

*Pulley, Watson, King & Hofler, P.A., by Tracy Kenyon Lischer and Donna B. Slawson, for plaintiff-appellee.*

*Maxwell, Martin, Freeman & Beason, P.A., by James B. Maxwell, for defendant-appellant.*

GREENE, Judge.

Defendant appeals the trial court's 30 January 1989 judgment denying defendant's motion to set aside a 17 June 1988 judgment relating to child support payments.

The record shows that defendant was married to plaintiff when plaintiff filed a complaint for alimony *pendente lite*, child custody and support in 1984. The trial court entered an order granting plaintiff's request in 1984, including these conclusions of law:

Based upon the incomes, estates, and accustomed standard of living of the parties, [defendant] should pay to [plaintiff], to provide her sufficient means whereon to subsist during the pendency of this suit . . . $1,124.00 . . . per month; . . . [defendant] should pay to [plaintiff] as child sup[p]ort the following: . . . $2,959.00 per month . . . [and] $1,835.00 per month, of said sum *may be discharged by paying directly, if [defendant] so elects, the current house payment* . . . (emphasis added).

At the time the court granted defendant's divorce prayer, plaintiff and two children of the marriage occupied the family residence at 3433 Dover Road.

Defendant also filed a complaint requesting absolute divorce, which the court granted in 1986, reserving for later resolution

the issue of equitable distribution. Trial of equitable distribution matters was in June, 1987, but prior to the court's entry of judgment, defendant filed a motion in the cause in October, 1987, requesting that the court modify the 1984 child support, alimony and child custody provisions. Plaintiff filed a response to defendant's motion and moved the court to hold defendant in contempt for failure to comply with the court's order to pay child school expenses, and plaintiff's medical and insurance expenses. The court heard argument concerning these motions in March, 1988.

The court entered equitable distribution judgment on 25 April 1988, which included a provision awarding plaintiff the house and lot at 3433 Dover Road.

On 17 June 1988, the trial court entered its order concerning defendant's motion to modify and for plaintiff's motion for contempt, in which it modified the 1984 judgment, reducing defendant's child support payments somewhat and concluding as matters of law that defendant should pay the expenses plaintiff requested in her contempt prayer and "[e]xcept where modified . . . all other Orders governing support and maintenance of the minor children remain in full force and effect."

Within 10 days of entry of this order, defendant filed a Rule 59 motion to set it aside. In December, 1988, the court heard the parties' argument concerning defendant's motion to set aside the judgment and plaintiff's motion for contempt. On 30 January 1989, the court entered an order denying defendant's motion to set aside and instead of assessing defendant in contempt, ordered him to pay back child support and alimony to plaintiff.

Defendant gave written notice of appeal on 3 February 1989:

> NOW COMES OLAF T. VON RAMM, the Defendant in the above captioned matter, through counsel, and hereby gives notice of appeal to the Court of Appeals of North Carolina from the [Judgment] entered on the 30th day of January, 1989, in the District Court of Durham County by The Honorable Richard G. Chaney in regard to issues surrounding the amount and manner of continuing payments of child support.

In the settled record on appeal, the parties stipulated that "[n]otice of Appeal from the judgments [of June 1988 and January 1989] was given in a proper and timely fashion."

Subsequent to docketing of the record on appeal, plaintiff moved this court to dismiss defendant's purported appeal from the 17 June 1988 judgment, asserting that defendant had appealed only from the 30 January 1989 judgment denying defendant's Rule 59 motion.

---

The issues are: (I) whether defendant's notice of appeal vested this court with jurisdiction to review the 17 June 1988 judgment; (II) whether the parties' stipulation to a notice of appeal can confer jurisdiction on a reviewing court; and (III) whether the trial court erred in denying defendant's motion to set aside the June 1988 judgment.

I

[1] Defendant contends that the language of his notice of appeal "made apparent" his intent to appeal from the June 1988 judgment in addition to the January 1989 order. We disagree.

Proper notice of appeal requires that a party "shall designate the judgment or order from which appeal is taken . . ." N.C.R. App. P. 3(d) (Cum. Supp. 1989). "Without proper notice of appeal, this Court acquires no jurisdiction." *Brooks, Com'r of Labor v. Gooden*, 69 N.C. App. 701, 707, 318 S.E.2d 348, 352 (1984). A court "may not waive the jurisdictional requirements of [federal appellate] Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 101 L.Ed.2d 285, 291 (1988) (footnote omitted).

Notice of appeal from denial of a motion to set aside a judgment which does not also specifically appeal the underlying judgment does not properly present the underlying judgment for our review. *Chapparal Supply v. Bell*, 76 N.C. App. 119, 120, 331 S.E.2d 735, 736 (1985) (appellant's appeal of the court's denial of appellant's Rule 60 motion to set aside entry of summary judgment did not include appeal of the underlying summary judgment against appellant); *see also Brooks* (notice of appeal from judgment of contempt against appellant did not infer appellant's intent to appeal from a subsequent judgment dismissing appellant's counterclaim).

Despite these principles, we may liberally construe a notice of appeal in one of two ways to determine whether it provides jurisdiction over an apparently unspecified portion of a judgment. First, "a mistake in designating the judgment, or in designating

VON RAMM v. VON RAMM

[99 N.C. App. 153 (1990)]

the part appealed from if only a part is designated, should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be *fairly inferred* from the notice and the appellee is not misled by the mistake." *Smith v. Independent Life Ins. Co.*, 43 N.C. App. 269, 274, 258 S.E.2d 864, 867 (1979), citing 9 *Moore's Federal Practice* § 203.17[2], 3-80-3-82 (2d ed. 1990) (footnotes omitted) (emphasis added). Second, if a party technically fails to comply with procedural requirements in filing papers with the court, the court may determine that the party complied with the rule if the party accomplishes the *"functional equivalent"* of the requirement. *Torres*, at 317, 101 L.Ed.2d at 291 (overlooking a party's failure to comply with a federal notice of appeal requirement of designating the petitioner's name) (emphasis added).

We determine that this court has jurisdiction to review only appellant's appeal of the trial court's January 1989 order, which denies defendant's Rule 59 motion. On its face, defendant's notice of appeal fails to specify any other judgment or order. Furthermore, a reader cannot 'fairly infer' from the language of the notice of appeal that appellant intended also to appeal the June 1988 order which underlies defendant's Rule 59 motion. The January 1989 judgment addressed multiple child support issues, including both defendant's continuing child support obligations and his past unpaid obligations of child support raised by plaintiff's motion for contempt. Although defendant's notice of appeal refers to "issues surrounding the amount and manner of continuing payments of child support," this language clearly directs this court's review to the portion of the January 1989 judgment concerning current, rather than past, child support obligations, and it is not the 'functional equivalent' of designating the June 1988 judgment. We decline to adopt a torturous interpretation of the language beyond its obvious purpose of limiting our review to a single child support issue in the 1989 judgment from which defendant appeals. Thus, according to either of the two liberal readings of defendant's notice of appeal set out above, it failed to give notice of appeal from the June 1988 judgment.

· We do not address the issue of whether plaintiff was misled by defendant's mistaken notice of appeal, since we reach that inquiry only if we can infer that defendant intended to appeal from a judgment not specifically designated.

VON RAMM v. VON RAMM

[99 N.C. App. 153 (1990)]

## II

[2]   Defendant next contends that the parties' stipulation that notice of appeal from the "judgments" was "timely and proper" gives this court jurisdiction to review the June 1988 order. We disagree.

"Jurisdiction is the power of a court to decide a case on its merits . . ." *Jones v. Brinson*, 238 N.C. 506, 509, 78 S.E.2d 334, 337 (1953). Appellate Rule 3 requirements for specifying judgments are jurisdictional in nature. *Brooks*, at 707, 318 S.E.2d at 352. "[J]urisdiction cannot be conferred by consent, waiver, or estoppel . . . [j]urisdiction rests upon the law and the law alone. It is never dependent on the conduct of the parties." *Feldman v. Feldman*, 236 N.C. 731, 734, 73 S.E.2d 865, 867 (1953) (citations omitted).

We determine that defendant's notice of appeal did not empower this court to review the trial court's June 1988 order. Even if we assume *arguendo* that the parties' stipulation encompasses the 1988 order, the stipulation cannot supplant the Rule 3 designation requirements of our appellate law.

## III

[3]   Defendant contends that the trial judge erred in denying defendant's Rule 59 motion because the 1989 judgment improperly compelled defendant to continue paying child support in the form of plaintiff's home mortgage payments. We disagree.

Defendant has no basis for arguing that the trial court erred because our review of the 1984 judgment shows that it allows defendant to elect whether to pay support in the form of mortgage payments and does not compel defendant to pay mortgage payments on the home.

Dismissed in part and affirmed in part.

Judges JOHNSON and PARKER concur.