THE FARM CREDIT BANK OF COLUMBIA v. MARY H. VAN DORP AND
A. H. VAN DORP

No. 922SC713

(Filed 6 July 1993)

**Appeal and Error § 209 (NCI4th); Judgments § 36 (NCI4th)— failure
of notice of appeal to refer to all prior orders—order appealed
from void—errors in attempting to appeal from void judgment
insignificant**

    Where the notice of appeal referred to only one judgment
and made no reference to a prior order granting partial sum-
mary judgment for plaintiff or to a prior order deeming items
contained in plaintiff's Request for Admissions admitted, the
notice was insufficient to confer jurisdiction on the Court of
Appeals with regard to the prior orders. However, the judg-
ment to which the notice did refer was void as it was entered
out of the county and the district without defense counsel's
consent; therefore, any attempt by defendants to appeal from
that void judgment was inconsequential, no final judgment
on the merits has been rendered, and any errors made by
defendants in attempting to appeal from the void judgment
are without lasting significance. Defendants will have the op-
portunity to appeal from the final judgment once the trial
court has entered it properly, and in so appealing to properly
designate all prior interlocutory orders from which they choose
to appeal.

    **Am Jur 2d, Appeal and Error §§ 316 et seq.; Judgments
§§ 58 et seq.**

Appeal by defendants from Judgment entered 18 March 1992
by Judge William C. Griffin, Jr. in Nash/Hyde County Superior
Court. Heard in the Court of Appeals 27 May 1993.

*Everett, Everett, Warren & Harper, by Edward J. Harper,
II, for plaintiff-appellee.*

*Lee E. Knott, Jr., for defendants-appellants.*

WYNN, Judge.

On 15 August 1975, the defendants borrowed $208,000 from
the Federal Land Bank of Columbia, of which the plaintiff is suc-

cessor by merger. This debt was evidenced by a note and secured by a deed of trust dated 15 August 1975. On 18 January 1983, the defendants borrowed an additional $247,000 from the plaintiff, evidenced by a note indicating that it was secured by the security instrument of 15 August 1975.

Prior to the first loan, the collateral described in the deed of trust was appraised at $493,000; prior to the second loan, $865,000. On 18 January 1983, the combined unpaid principal of both loans was $430,438.90. Foreclosure proceedings were instituted by the plaintiff against the defendants on 25 July 1988 attempting to foreclose on the property described in the deed of trust which secured the loans. A foreclosure sale was held on 2 December 1988, at which the plaintiff purchased the collateral for $470,000. The Bank alleges that the amount due under both loans at the time of the foreclosure sale exceeded the amount paid for the property, and, on 6 January 1989, brought this action seeking to recover $104,254.29, alleged to be the balance due on the loans. The defendants denied that any balance was due on the loans because the collateral was fairly worth more than the amount of the debt at the time of the foreclosure sale and the plaintiffs had purchased the collateral at that sale for a sum which was substantially less than its true value.

On 30 October 1989, the case was removed to Hyde County where, by Order dated 31 October 1989, filed 27 November 1989, Judge Thomas S. Watts granted the plaintiff's motion for summary judgment as to all issues raised by the pleadings except the computation of the amount due and the allowance of costs. The defendants gave notice of appeal from that Order on 30 November 1989, and, on 2 February 1990, executed a "Dismissal of Appeal" after determining that the appeal was interlocutory.

Thereafter, on 5 April 1990, the plaintiff served the defendants with a Request for Admissions and Interrogatories, which the defendants answered on 3 May 1990, with supplemental answers filed 9 May 1990, denying the truth of the statements made in the Request for Admissions. On 26 May 1990, Judge William Griffin, Jr. signed an Order, filed 5 June 1990, that all matters contained in the Request for Admissions be deemed admitted as if the defendants had actually admitted such matters in their entirety. On 27 June 1991, the plaintiff requested a further hearing on its prior motion to have the matters contained in the Request for Admissions

deemed admitted. On 17 July 1991, Judge Griffin signed an Order *nunc pro tunc* 8 July 1991 modifying, because of a computer error, his previous Order that the matters contained in the Request for Admissions be deemed admitted. That Order was not filed until 19 March 1992.

Judge Griffin signed a second Order on 18 March 1992, filed 19 March 1992, out of County and out of District, awarding the plaintiff the sum of $164,957.85, interest from 21 February 1992, and attorney's fees of $18,000 from the defendants. The defendants were notified of this judgment through the mail on 20 March 1992 and filed a Notice of Appeal therefrom on 17 April 1992. The relevant portion of that Notice reads as follows:

> The defendants give notice of appeal to the Court of Appeals of North Carolina from the *Judgment signed March 18, 1992 by the Honorable William C. Griffin, Jr.*, Judge Presiding at the March 16, 1992 Civil Term of the General Court of Justice of Nash County, Superior Court Division, said Judgment being filed in the Office of the Clerk of the General Court of Justice of Hyde County on March 19, 1992 and *awarding the plaintiff the full sum of $164,957.85, interest from February 21, 1992, and attorneys' fees of $18,000.00 against the defendants.*

(Emphasis added).

---

The defendants make six assignments of error on appeal. Three of these pertain to the Order of partial summary judgment entered by Judge Watts on 31 October 1989, two concern the Order signed by Judge Griffin on 8 July 1991, and one applies to Judge Griffin's Order of 18 March 1992. The only Order indicated in the Notice of Appeal, however, is that Order dated 18 March 1992.

The appellate rules provide that, in order to confer jurisdiction on this Court, the Notice of Appeal " 'shall designate the judgment or order from which the appeal is taken.' " *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) (quoting N.C.R. App. P. 3). This jurisdictional requirement may not be waived by this Court, and, therefore, if the party appealing fails to comply with it, the appeal must be dismissed. *Rite Color Chemical Co. v. Velvet Textile Co.*, 105 N.C. App. 14, 17, 411 S.E.2d 645, 647 (1992). Notwithstanding the mandate of the appellate rules, there are two means by which the Notice of Appeal may be liberally

construed to determine whether this Court has jurisdiction over an unspecified judgment. *Von Ramm*, 99 N.C. App. at 156, 392 S.E.2d at 424. First, the appeal will not be dismissed if the appellant has made a mistake in designating the judgment but "the intent to appeal from a specific judgment can be *fairly inferred* from the notice and the appellee is not misled by the mistake." *Id.* at 157, 392 S.E.2d at 424 (emphasis in original). Secondly, the appeal will not be lost if the appellant failed technically to comply with the rules of appellate procedure relating to filing papers with the court, but "accomplish[ed] the *'functional equivalent'* of the requirement." *Id.* (emphasis in original).

In the present case, the Notice of Appeal on its face designates only Judge Griffin's Order of 18 March 1992 relating to the deficiency award, interest, and attorneys' fees. We cannot fairly infer from this Notice that the appellants intended to also appeal from Judge Watt's Order granting partial summary judgment for the plaintiff, or from Judge Griffin's other Order deeming the items contained in the plaintiff's Request for Admissions admitted. However, the result of the defendants' appeal from Judge Griffin's 18 March 1992 Order renders our findings regarding the defects in the Notice inconsequential.

An Order that is signed out of County and out of District is void unless the adversary party receives proper notice and consents to the entry of the Order, or such an entry is provided for by statute. *State ex rel. Utilities Comm'n v. State*, 243 N.C. 12, 16, 89 S.E.2d 727, 730 (1955), *reh'g denied*, 243 N.C. 685, 91 S.E.2d 899 (1956); *Fletcher v. Jones*, 69 N.C. App. 431, 433, 317 S.E.2d 411, 413 (1984), *aff'd in part, rev'd in part*, 314 N.C. 389, 333 S.E.2d 731 (1985). Judge Griffin did, in fact, enter the 18 March 1992 Order out of County and out of District, without the defense counsel's consent. The appellants make note of this in the Statement of Procedural History in their brief and the appellee, in its brief, accepts that Statement. Moreover, at oral argument the appellee's counsel stated that he had no quarrel with the law cited by the appellants on this issue, though he also stated that he was unaware of the communication between Judge Griffin and appellants' counsel as relates to the 18 March 1992 signing of the Judgment. The record indicates, however, that the appellants' counsel notified Judge Griffin by letter that he would not consent to Judge Griffin's hearing the appellee's motion, scheduled at that time for 21 February 1992, out of County and out of term. Judge Griffin

did not hear the motion on 21 February 1992, but did hear it on 17 March 1992, prior to signing the Judgment on 18 March 1992. This Court finds that the appellants did not consent to such, and, therefore, the Order entered by Judge Griffin is void.

It should be noted that since the Judgment entered by Judge Griffin on 18 March 1992 is void, no final judgment on the merits has been entered in this case. Any attempt by the defendants to appeal from that void judgment then, is inconsequential, and any errors made in attempting such appeal are without lasting significance. Thus, the prior Orders of Judge Watts and Judge Griffin, which were interlocutory, could not have been appealed from because there has been no final judgment rendered on the merits. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (1990); *see also Hinson v. Hinson*, 17 N.C. App. 505, 508, 195 S.E.2d 98, 100 (1973) (distinguishing between interlocutory and final judgments). The defendants, accordingly, will have the opportunity to appeal from the final judgment once the trial court has entered it properly, in session in County and District, and in so appealing to properly designate all prior interlocutory orders from which they choose to appeal in order that this Court may obtain jurisdiction of all issues relevant to the final judgment, which include the prior non-final judgments entered by Judges Watts and Griffin.

For the foregoing reasons, the decision of the trial court is,

Vacated.

Judges JOHNSON and GREENE concur.