MANLIN CHEE AND JUAN FORGAY, PLAINTIFFS V. KENNETH EUGENE ESTES AND MARGARET DUDLEY MOSES, DEFENDANTS

No. 9418SC561

(Filed 20 December 1994)

### Appeal and Error § 209 (NCI4th)— notice of appeal—no appeal from denial of new trial motion

Plaintiffs' notice of appeal indicated that an appeal was being taken from the judgment entered in accordance with the verdict, and it could not fairly be inferred from the notice that plaintiffs intended as well to appeal the denial of their motion for new trial. N.C. R. App. P. 3(d).

### Am Jur 2d, Appeal and Error §§ 316 et seq.

Appeal by plaintiffs from judgment entered 20 August 1993 by Judge F. Fetzer Mills in Guilford County Superior Court. Heard in the Court of Appeals 19 December 1994.

*Harris & Iorio, by Douglas S. Harris, for plaintiff appellants.*

*Smith Helms Mulliss & Moore, L.L.P., by Stephen P. Millikin, for defendant appellee Kenneth Eugene Estes.*

*Henson Henson Bayliss & Sue, by Perry C. Henson, Sr., for defendant appellee Margaret Dudley Moses.*

ARNOLD, Chief Judge.

Plaintiff Manlin Chee and her husband, Juan Forgay, instituted this civil action seeking to recover damages arising from the alleged negligence of the defendants in operating their motor vehicles. Ms. Chee alleged that she was injured on 6 October 1987 when the vehicle in which she was a passenger ran off the road and overturned when its driver, defendant Moses, attempted to avoid a collision with

a vehicle driven by defendant Estes. Plaintiff Chee sought to recover damages for pain and suffering, bodily injury, medical expenses, and lost wages. Her husband sought to recover for loss of consortium. The jury determined that Chee was injured by the negligence of defendant Estes but not by any negligence on the part of defendant Moses and awarded Chee damages of $20,000. The jury further determined that Forgay was not entitled to any recovery for loss of consortium. By judgment rendered 13 August 1993 and filed 20 August 1993, the trial court entered judgment in accordance with the verdict.

On 23 August 1993, plaintiffs filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 59 (1990), seeking either a new trial or additur. As grounds for relief, plaintiffs alleged that: (1) there was irregularity depriving them of a fair trial in that defense counsel made a false representation in his closing argument; (2) there was misconduct at trial by the prevailing party in highlighting the alienage and national origin of plaintiff Chee, thereby playing to the prejudices of the jury; (3) there was jury misconduct in that several of the jurors expressed strong prejudice against persons of the national origin, race, and alienage of Chee during jury deliberations and lied about having any such prejudice during jury selection; (4) there was manifest disregard by the jury of the court's instructions to evaluate the evidence and render a verdict based on the evidence; (5) inadequate damages were awarded appearing to have been given under the influence of passion or prejudice; (6) there was insufficient evidence to justify the verdict; and (7) the jurors' disregard for plaintiffs' uncontradicted evidence was motivated by their racial, ethnic, and xenophobic prejudice. The record indicates that plaintiff Chee is of Chinese extraction and was a resident alien in the United States, rather than a naturalized citizen, at the time of trial. As support for the motion, plaintiffs submitted two affidavits from one of the jurors, Glenn Turner, in which Turner claimed that some of the other jurors had expressed prejudice against aliens residing in the United States and that such prejudice adversely affected the damages awarded.

By order filed 9 December 1993, the trial court denied the motion. On 17 December 1993, plaintiffs filed a notice of appeal, which reads as follows:

Plaintiffs . . . hereby give notice of appeal to the North Carolina Court of Appeals from the judgment rendered by the Honorable F. Fetzer Mills on August 13, 1993, in Guilford County Superior Court in which judgment was entered in favor of defendant

Margaret Dudley Moses, but in favor of the plaintiff Manlin Chee against the defendant Kenneth Eugene Estes in the amount of $20,000.00. Appeal is made against both defendants.

Said Notice of Appeal is timely, plaintiff Manlin Chee having filed a motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure which motion was denied on December 14, 1993, by the Honorable F. Fetzer Mills.

Plaintiffs' sole argument on appeal concerns the denial of their motion for new trial. The threshold issue presented by this appeal then is whether or not plaintiffs' notice of appeal is sufficient to confer jurisdiction on this Court over the 9 December 1993 order denying the motion for new trial. We conclude that it is not.

The appellate rules require that the notice of appeal "designate the judgment or order from which appeal is taken." N.C.R. App. P. 3(d). Proper notice of appeal is a jurisdictional requirement that may not be waived. *Farm Credit Bank v. Van Dorp*, 110 N.C. App. 759, 431 S.E.2d 222 (1993); *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 392 S.E.2d 422 (1990). As a general rule, the appellate court obtains jurisdiction only over the rulings specifically designated in the notice of appeal as the ones from which the appeal is being taken. *Farm Credit*, 110 N.C. App. 759, 431 S.E.2d 222; *Rite Color Chemical Co. v. Velvet Textile Co.*, 105 N.C. App. 14, 411 S.E.2d 645 (1992); *Von Ramm*, 99 N.C. App. 153, 392 S.E.2d 422. As exceptions to the general rule, there are two situations in which the appellate court may liberally construe a notice of appeal to determine it has jurisdiction over a ruling not specified in the notice. *Von Ramm*, 99 N.C. App. 153, 392 S.E.2d 422. First, if the appellant made a mistake in designating the judgment intended to be appealed, then the appeal will not be dismissed if the intent to appeal from the judgment can be fairly inferred from the notice and the appellee was not misled by the mistake. *Id.* Second, if the appellant technically fails to comply with procedural requirements in filing papers with the court but accomplishes the functional equivalent of the requirement, then the court may find compliance with the rules. *Id.*

Neither of these exceptions is applicable here. Plaintiffs' notice of appeal indicates that an appeal was being taken from the judgment entered in accordance with the verdict and it cannot be fairly inferred from the notice that plaintiffs intended as well to appeal the denial of their motion for new trial. Although plaintiffs made reference to the denial of their motion for new trial in the notice, the reference was

**CHEE v. ESTES**

[117 N.C. App. 450 (1994)]

made for the purpose of showing the timeliness of the notice and does not evidence an intent to appeal that ruling. Furthermore, this is not a situation in which the appellant technically failed to comply with requirements relating to the filing of the notice so as to render applicable the second exception to the general rule.

We find the present situation most similar to that addressed in *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 392 S.E.2d 422. In that case, this Court determined that a notice of appeal from an order denying a Rule 59 motion, which did not also specifically appeal the underlying judgment, did not present the underlying judgment for appellate review. The case at hand presents the converse situation and requires the same result. We conclude that the notice of appeal here, even when liberally construed, is not sufficient to give this Court jurisdiction to review the order denying plaintiffs' Rule 59 motion and instead presents for our review only the underlying judgment entered in accordance with the verdict. Since plaintiffs have failed to show any error in that judgment from which appeal was properly taken, we hereby affirm the judgment entered 20 August 1993. Furthermore, in our discretion and pursuant to Appellate Rule 21, we have considered the merits of the argument presented by plaintiffs concerning the denial of their motion for new trial and found no abuse of discretion in the denial of that motion. *See* N.C. Gen. Stat. § 8C-1, Rule 606(b) (1992); *Berrier v. Thrift*, 107 N.C. App. 356, 420 S.E.2d 206 (1992), *disc. review denied*, 333 N.C. 254, 424 S.E.2d 918 (1993) (holding that juror affidavits concerning internal influences affecting the verdict may not be used to impeach the verdict).

Affirmed.

Judges EAGLES and ORR concur.