STEELMAN, Judge.
Defendant, Kathy Reaves, appeals the district court order granting temporary custody of her child, D.R., to plaintiff, Robert Covington. For the reasons discussed herein, we dismiss the appeal.
Defendant is a resident of South Carolina and plaintiff is a resident of Georgia. They are the biological parents of D.R., born in 1994, although the two have never been married. D.R. lived with defendant the majority of his life. On 25 June 2002, defendant granted her sister, Jacquelyn Smith, "guardianship" over D.R., as well as defendant's two other children. Smith lived in Greensboro, North Carolina. In November 2003, plaintiff picked up his son for the Thanksgiving holiday. On 26 November 2003, plaintiff filed a complaint seeking custody of his son. Defendant contacted plaintiff threatening to take the minor child away where plaintiff would never find him. Based upon this threat, plaintiff filed a motion seeking an order granting him the emergency custody of D.R. On 10 December 2003, Judge William Daisy entered an ex parte temporary custody order granting plaintiff custody of D.R., pending a hearing in the matter. In this order, Judge Daisy found that defendant had threatened to take the child and leave the jurisdiction of the state as required by N.C. Gen. Stat. § 50-13.5(d)(3) (2004). On 15 December 2000 defendant filed an answer to plaintiff's complaint. A hearing was held before Judge Margaret L. Sharpe on 19 December 2003, at which plaintiff, defendant, and their respective attorneys were present. On 16 January 2004, Judge Sharpe's order, awarding temporary custody of D.R. to plaintiff, was filed. Defendant filed notice of appeal on 30 January 2004.
Defendant presents two arguments in her brief: (1) that Judge Daisy failed to make required findings of fact in the temporary custody order in violation of N.C. Gen. Stat. § 50A-204 and, that Judge Daisy lacked jurisdiction to hear the motion for temporary custody pursuant to N.C. Gen. Stat. § 50-13.5; and (2) that Judge Daisy lacked personal jurisdiction over defendant in this matter because she was never served with a summons prior to the entry of the temporary custody order. Rule 3(d) of the Rules of Appellate procedure requires that the notice of appeal "shall designate the judgment or order from which appeal is taken." N.C. R. App. P. 3(d) (2004). "Proper notice of appeal is a jurisdictional requirement that may not be waived." Chee v. Estes, 117 N.C. App. 450, 452, 451 S.E.2d 349, 350 (1994). As such, "the appellate court obtains jurisdiction only over the rulings specifically designated in the notice of appeal as the ones from which the appeal is being taken." Id.
Both of defendant's arguments on appeal concern the temporary custody order entered by Judge Daisy on 10 December 2003. However, defendant never gave notice of appeal from this order. The only notice of appeal filed by defendant is from Judge Sharpe's order granting temporary custody of D.R to plaintiff entered 16 January 2004. In the absence of proper notice of appeal, this Court is without jurisdiction to review the temporary custody order entered by Judge Daisy. Therefore, this appeal is dismissed.
DISMISSED.
Judges TIMMONS-GOODSON and HUDSON concur.
Report per Rule 30(e).