VERGIL SKEEN, Plaintiff,
v.
SPORTS AUTHORITY, INC., WARREN & SWEAT MANUFACTURING, INC., FLORIDA HUNTING SUPPLIES, INC., and CART PRODUCTS, INC., Defendants.
No. COA04-976
North Carolina Court of Appeals.
Filed July 19, 2005.
This case not for publication
Gaston County No. 02 CVS 2186.
Klein & Freeman, PLLC, by Paul I. Klein and Katherine Freeman, for plaintiff-appellant.
Templeton & Raynor, P.A., by Kenneth R. Raynor and Matthew G. Pruden, for defendants-appellees.
TYSON, Judge.
Vergil Skeen ("plaintiff") and Sports Authority, Inc., Warren & Sweat Manufacturing, Inc., Florida Hunting Supplies, Inc., and Cart Products, Inc. (collectively, "defendants") submitted briefs and a record on appeal to this Court. Due to a fatal defect in the record on appeal, we dismiss this appeal for lack of jurisdiction.

I. Notice of Appeal
N.C. Gen. Stat. § 1-279.1 (2003) provides:
[a]ny party entitled by law to appeal from a judgment or order rendered by a judge in superior or district court in a civil action . . . may take appeal by giving notice of appeal within the time, in the manner, and with the effect provided in the rules of appellate procedure.
Rule 3(a) of the North Carolina Rules of Appellate Procedure states in part, "Filing the notice of appeal. Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action . . . may take appeal by filing notice of appeal with the clerk of superior court . . . ." N.C.R. App. P. 3(a) (2004).
Appellate Rule 3 is jurisdictional. Crowell Constructors, Inc. v. State ex rel. Cobey, 328 N.C. 563, 402 S.E.2d 407 (1991) (citing Booth v. Utica Mutual Ins. Co., 308 N.C. 187, 301 S.E.2d 98 (1983)), rev'd on other grounds, 342 N.C. 838, 467 S.E.2d 675 (1996). "[I]f the requirements of this rule are not complied with, the appeal must be dismissed." Currin-Dillehay Bldg. Supply v. Frazier, 100 N.C. App. 188, 189, 394 S.E.2d 683 (1990) (citing Giannitrapani v. Duke University, 30 N.C. App. 667, 228 S.E.2d 46 (1976)), disc. rev. denied and appeal dismissed, 327 N.C. 633, 399 S.E.2d 326 (1990); see Abels v. Renfro Corp., 126 N.C. App. 800, 802, 486 S.E.2d 735, 737, disc. rev. denied, 347 N.C. 263, 493 S.E.2d 450 (1997); see also Smith v. Smith, 43 N.C. App. 338, 339, 258 S.E.2d 833, 835 (1979), cert. denied, 299 N.C. 122, 262 S.E.2d 6 (1980).
Rule 9(a)(1) of the North Carolina Rules of Appellate Procedure requires in part:

Composition of the record [on appeal] in civil actions and special proceedings. The record on appeal in civil actions and special proceedings shall contain: . . . .
i. a copy of the notice of appeal . . . .
N.C.R. App. P. 9(a)(1)(i) (2004). "The notice of appeal must be contained in the record." Crowell Constructors, Inc., 328 N.C. at 563, 402 S.E.2d at 408 (citing Brady v. Town of Chapel Hill, 277 N.C. 720, 178 S.E.2d 446 (1971)). "`Without proper notice of appeal, this Court acquires no jurisdiction.'" Von Ramm v. Von Ramm, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) (quoting Brooks, Com'r of Labor v. Gooden, 69 N.C. App. 701, 707, 318 S.E.2d 348, 352 (1984)).
Our Supreme Court and this Court have dismissed appeals for lack of a notice of appeal in the record. Failure to include the notice of appeal within the record on appeal precludes an appellate court's jurisdiction to hear the case. Crowell Constructors, Inc., 328 N.C. at 563-64, 402 S.E.2d at 408 ("Since the record does not contain a notice of appeal in compliance with Rule 3, the Court of Appeals had no jurisdiction of the appeal. The appeal should have been dismissed. Therefore, we vacate the decision of the Court of Appeals and remand to that court for dismissal of the appeal.").
This Court has held that if "the record on appeal does not contain a notice of appeal filed with the clerk of superior court and served upon the appellees, we are required to dismiss this appeal." Melvin v. St. Louis, 132 N.C. App. 42, 43, 510 S.E.2d 177, 177-78 (1999) (citing Crowell Constructors, Inc., 328 N.C. at 563-64, 402 S.E.2d at 407) (emphasis supplied), cert. denied, 350 N.C. 309, 534 S.E.2d 594 (1999). This Court has also dismissed cases for defects in the notice of appeal. In Chee v. Estes, we held this Court lacked jurisdiction to hear a case where the notice of appeal was incomplete. 117 N.C. App. 450, 452-53, 451 S.E.2d 349, 350-51 (1994). "A court may not waive the jurisdictional requirements of [federal appellate] Rules 3 and 4, even for good cause shown under Rule 2, if it finds that they have not been met." Von Ramm, 99 N.C. App. at 156, 392 S.E.2d at 424 (internal citations and quotations omitted). In Atchley Grading Co. v. West Cabarrus Church, we dismissed the case due to the appellant assigning error to orders not appealed from as designated in its notice of appeal. 148 N.C. App. 211, 212, 557 S.E.2d 188, 188-89 (2001) ("`Proper notice of appeal requires that a party shall designate the judgment or order from which appeal is taken . . . [.] Without proper notice of appeal, this Court acquires no jurisdiction.'") (quoting Von Ramm, 99 N.C. App. at 156, 392 S.E.2d at 424).
"The appellant has the burden to see that all necessary papers are before the appellate court." Crowell Constructors, Inc., 328 N.C. at 563, 402 S.E.2d at 408 (citing State v. Stubbs, 265 N.C. 420, 144 S.E.2d 262 (1965)); Tucker v. Telephone Co., 50 N.C. App. 112, 118, 272 S.E.2d 911, 915 (1980) (it is the appellant's duty and responsibility to ensure the record on appeal is in proper form and complete) (citing Hill v. Hill, 13 N.C. App. 641, 642, 186 S.E.2d 665, 666 (1972)).

II. Conclusion
A copy of the notice of appeal was not included in the record on appeal. Without inclusion of the notice of appeal in the record, this Court is without jurisdiction to hear the case or make a decision on the merits. This appeal is dismissed for lack of jurisdiction.
Dismissed.
Judge ELMORE concurs.
Judge WYNN concurs in the result only.
Report per Rule 30(e).