DISCOVER BANK, Plaintiff-Appellant,
v.
M P ALTMAN and MAXINE ALTMAN, Defendants-Appellees.
No. COA08-749
Court of Appeals North Carolina.
Filed February 17, 2009
Eric M. Berman, P.C., by Dionne R. Tunstall, for Plaintiff-Appellant.
No brief for Defendants-Appellees.
McGEE, Judge.
Discover Bank (Plaintiff) seeks review of the trial court's dismissal of its case with prejudice and of the trial court's denial of its motion to reopen the case. Because Plaintiff has failed to appeal properly from either of the trial court's two orders, this appeal is dismissed.
Plaintiff filed a complaint against M P Altman and Maxine Altman (Defendants) on 12 July 2007. Plaintiff subsequently filed a motion for judgment on the pleadings on 25 September 2007, and the motion was calendared for hearing on 29 October 2007. When Plaintiff failed to appear for the scheduled hearing, the trial court dismissed Plaintiff's action with prejudice in an order entered 30 October 2007.
Plaintiff filed a motion to reopen the action on 26 November 2007, and the motion was calendared for hearing on 10 December 2007. Following the hearing, the trial court denied the motion to reopen in an order entered 10 December 2007. Plaintiff gave notice of appeal on 27 December 2007 "from the Order . . . dismissing this case with prejudice on October 29, 2007[.]"
A party in a civil action must file its notice of appeal "within 30 days after entry of judgment . . . ." N.C.R. App. P. 3(c)(1). Plaintiff did not specify in its motion pursuant to which Rule of Civil Procedure it was attempting to "reopen" the action. The order of the trial court sheds no light on the matter.
The language in Plaintiff's "motion to reopen" seeking relief from the trial court's dismissal of the action appears more consistent with N.C. Gen. Stat. § 1A-1, Rule 60(b), which would have required Plaintiff to file its notice of appeal within thirty days after the 30 October 2007 order. N.C.R. App. P. 3(c)(1); N.C. Alliance for Transp. Reform, Inc. v. N.C. Dep't of Transp., 183 N.C. App. 466, 470, 645 S.E.2d 105, 108 (2007). Plaintiff's action was dismissed with prejudice on 30 October 2007. Plaintiff filed its notice of appeal on 27 December 2007, more than thirty days after entry of judgment in the matter. "Failure to give timely notice of appeal . . . is jurisdictional, and an untimely attempt to appeal must be dismissed." Booth v. Utica Mutual Ins. Co., 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983).
Assuming arguendo Plaintiff's motion was filed pursuant to N.C. Gen. Stat. § 1A-1, Rule 59, Plaintiff's notice of appeal is still not timely. "A motion for a new trial shall be served not later than 10 days after entry of the judgment." N.C. Gen. Stat. § 1A-1, Rule 59(b) (2007); Trivette v. Trivette, 162 N.C. App. 55, 62, 590 S.E.2d 298, 304 (2004). If a party makes a timely motion "for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the 30-day period for taking appeal is tolled . . . until entry of an order disposing of the motion . . . ." N.C.R. App. P. 3(c)(3); N.C. Alliance for Transp. Reform, 183 N.C. App. at 470, 645 S.E.2d at 108-09. Plaintiff did not file its motion within the ten day period following the 30 October 2007 order as required by Rule 59. Therefore, the time for filing notice of appeal from the 30 October 2007 order was not tolled pursuant to N.C.R. App. P. 3(c)(3), and Plaintiff's notice of appeal was not timely. N.C. Gen. Stat. § 1A-1, Rule 59(b);N.C. Alliance for Transp. Reform, 183 N.C. App. at 470, 645 S.E.2d at 108-09; Trivette, 162 N.C. App. at 62, 590 S.E.2d at 304.
We therefore dismiss Plaintiff's appeal from the 30 October 2007 order. Booth, 308 N.C. at 189, 301 S.E.2d at 99-100; N.C. Alliance for Transp. Reform, 183 N.C. App. at 470, 645 S.E.2d at 108-09.
Plaintiff also attempts to argue that the trial court abused its discretion in the 10 December 2007 order which denied Plaintiff's motion to reopen the case. However, Plaintiff's notice of appeal makes no reference to the 10 December 2007 order as required by N.C.R. App. P. 3(d). An "appellate court obtains jurisdiction only over the rulings specifically designated in the notice of appeal as the ones from which the appeal is being taken." Chee v. Estes, 117 N.C. App. 450, 452, 451 S.E.2d 349, 350 (1994); see also N.C.R. App. P. (3)(d). While there are two exceptions to this rule, neither is applicable here. See Chee, 117 N.C. App. at 452, 451 S.E.2d at 350-51 ((1)judgment mistakenly designated but intent to appeal can be fairly inferred or (2) technical failure to comply with procedural requirements in filing papers with the court while accomplishing the functional equivalent). Because Plaintiff failed to give any notice of appeal from the 10 December 2007 order, we also dismiss Plaintiff's purported appeal from that order. See id. at 453, 451 S.E.2d at 351; see also N.C.R. App. P. 3(c).
Dismissed.
Judges HUNTER and JACKSON concur.
Report per Rule 30(e).