An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-144

NORTH CAROLINA COURT OF APPEALS

Filed:  5 August 2014

FRANK S. ROBERTS,
    Plaintiff

v.                                    Madison County
                                      No. 12 CVD 166
FRANK WARD et al,
    Defendants.


 Appeal by plaintiff from order entered 8 November 2013 by Judge R. Gregory Horne in Madison County District Court.  Heard in the Court of Appeals 21 May 2014.

   *Mary March Exum for plaintiff-appellant.*

   *Stephen E. Huff for defendant-appellees.*


   McCULLOUGH, Judge.

   Plaintiff Frank S. Roberts appeals from a denial of a Rule 59 motion to reconsider the dismissal of his claims against defendants Frank Ward et al.  Based on the reasons stated herein, we affirm the order of the trial court.

## I.   Background

   On 15 March 2012, plaintiff filed a complaint against defendants in the small claims division of Madison County

District Court. Plaintiff attempted to recover a Chevrolet school bus worth $3,000.00 to $5,000.00.

On 9 May 2012, the small claims division entered a judgment, finding that plaintiff had failed to prove ownership of the vehicle. Plaintiff's action was dismissed with prejudice.

Plaintiff filed notice of appeal to the district court on 22 May 2012.

On 22 August 2012, defendants filed an "Interrogatories and Requests for Production of Documents and Things – First Set." ("discovery request"). Plaintiff had a deadline of 21 September 2012 to answer defendants' discovery request.

At an 8 October 2012 hearing pursuant to plaintiff's request, the trial court entered an order granting plaintiff an extension of thirty days or until 22 October 2012 to respond to defendants' discovery request.

On 10 January 2013, defendants filed a "Motion for Sanctions" arguing that plaintiff had "failed and refused to provide said responses, which said failure has prejudiced the Defendants' ability to make a defense in the above-entitled action." Pursuant to Rule 37(b) of the North Carolina Rules of

Civil Procedure, defendants argued that sanctions should be imposed for failure to obey the order.

On 10 January 2013, plaintiff was provided with a "Notice of Hearing" that defendants' motion for sanctions would be heard on 23 January 2013.

Following a hearing held on 23 January 2013, the trial court entered an order on 27 February 2013, making the following relevant findings of fact:

> IT APPEARING to the Court that the Plaintiff did not appear at said calendar call but personally appeared later and claimed illness. The Court requested that the Plaintiff provide medical verification and held the matter open for a reasonable period of time. The Plaintiff failed to provide such verification prior to the hearing of this matter. However, after said hearing was concluded, purported medical documentation was received regarding the Plaintiff which the Court in its discretion reviewed and considered. Said documentation was insufficient to indicate any incapacity on the part of the Plaintiff to proceed with said hearing. The Court observed the Plaintiff when the Plaintiff made said personal appearance, and the Plaintiff appeared capable of proceeding with said hearing. After said initial appearance, the Plaintiff left the courtroom and did not reappear and made no further contact with the Court other than the receipt of said purported medical documentation which the Court has found to be insufficient. Based upon prior cases and dealings with the Plaintiff, the Court is familiar with the Plaintiff's habit of claiming and/or

> feigning illness and disability to proceed on the eve of court proceedings and then later producing documentation insufficient to substantiate any disability or incapacity to proceed[.]

The trial court noted that plaintiff had not filed any response or objection to the discovery request, had not filed any request for additional time to respond to the discovery request, was aware of the deadlines, and had wilfully failed to comply with the discovery request and the trial court's 8 October 2012 order. Based on the foregoing, the trial court dismissed plaintiff's action with prejudice.

On 12 March 2013, plaintiff filed a "N.C.G.S. 59 – Motion to Reconsider" pursuant to Rule 59 of the North Carolina Rules of Civil Procedure.

Following a hearing held at the 6 November 2013 session of Madison County District Court, the trial court denied plaintiff's Rule 59 motion by order entered 8 November 2013.

On 6 December 2013, plaintiff filed notice of appeal from the 8 November 2013 Order.

## II. Discussion

On appeal, plaintiff argues that the trial court erred by entering the 27 February 2013 order and the 8 November 2013 order.

First, we examine whether our Court has jurisdiction to review the trial court's 27 February 2013 order, dismissing plaintiff's action and appeal with prejudice.

Rule 3 of the North Carolina Rules of Appellate Procedure provides that notice of appeal "shall designate the judgment or order from which appeal is taken[.]" N.C. R. App. P. 3(d) (2014). The requirements of Rule 3 are "jurisdictional in nature." *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 158, 392 S.E.2d 422, 425 (1990). Furthermore, it is well established that "[a]ppellate review of a denial of a Rule 59 motion . . . is distinct from review of the underlying judgment or order upon which such a motion may be based." *Davis v. Davis*, 360 N.C. 518, 526, 631 S.E.2d 114, 120 (2006) (citation omitted). "Notice of appeal from denial of a [Rule 59] motion . . . which does not also specifically appeal the underlying judgment does not properly present the underlying judgment for our review." *Von Ramm,* 99 N.C. App. at 156, 392 S.E.2d at 424 (citation omitted).

Here, plaintiff's notice of appeal states that "plaintiff in this action, hereby gives notice of appeal to the Honorable Court of Appeals of North Carolina of the Order entered and filed in this case on November 8, 2013 by the Honorable Greg

Horne[.]" Because plaintiff's notice of appeal fails to specifically appeal from the underlying judgment entered 27 February 2013, we lack the jurisdiction to review said order. Therefore, our review is limited to the 8 November 2013 order, denying plaintiff's Rule 59 motion.

Plaintiff argues on appeal that the trial court abused its discretion by denying his motion to reconsider made pursuant to Rule 59(a)(1) and 59(a)(9) of the North Carolina Rules of Civil Procedure where there was sufficient documentation that he was "incapable of attending the hearing on defendant[s'] motion for sanctions." We disagree.

Rule 59(a)(1) and 59(a)(9) provides as follows:

> [a] new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds: (1) Any irregularity by which any party was prevented from having a fair trial; . . . (9) Any other reason heretofore recognized as grounds for new trial.

N.C. Gen. Stat. § 1A-1, Rule 59(a)(1) and (9) (2013). It is well established that

> [a] trial court's ruling on a [Rule 59] motion . . . is usually subject to an abuse of discretion standard. A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason. A ruling committed to a trial court's discretion is to be accorded great deference and will be

> upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.

*Davis*, 360 N.C. at 523, 631 S.E.2d at 118 (citations and quotation marks omitted).

In the present case, plaintiff's factual allegations supporting his Rule 59 motion were that he was "extremely sick" on 23 January 2013 and therefore, incapable of attending the hearing. Plaintiff acknowledged that he was physically present before Judge R. Gregory Horne on 23 January 2013 and that he communicated that he "was unable to speak." Plaintiff alleged Judge R. Gregory Horne "said that if I delivered a note to that effect in the next fifteen minutes that he would consider it." At 2:00 p.m. on 23 January 2013, a fax was submitted to the Clerk of Court's office in Madison County District Court to the attention of Judge R. Gregory Horne. The fax included a handwritten memo from plaintiff's physician stating that she was "treating [plaintiff] for at least a severe respiratory infection." Plaintiff further alleged that he obtained a verbal diagnosis of "walking pneumonia" and that on 29 January 2013, his physician sent a second correspondence to Judge R. Gregory Horne explaining that plaintiff was "quite ill." Plaintiff argued that the aforementioned documentation was "more than

adequate to justify my excusable absence." Plaintiff now contends in his brief that the documentation provided by his physician on 23 January 2013 and 29 January 2013 was "verified proof" that he was incapable of attending the 23 January 2013 hearing.

After careful review, we find that plaintiff's Rule 59 Motion addressed the same issues that were before the court at the 23 January 2013 hearing on defendants' motion for sanctions. The trial court noted that plaintiff personally appeared on 23 January 2013 but failed to provide medical verification of his inability to attend prior to the hearing. The trial court thereafter reviewed both faxes sent by plaintiff's physician, and in its 27 February 2013 order dismissing plaintiff's claims, found that the purported medical documentation "was insufficient to indicate any incapacity on the part of the Plaintiff to proceed with said hearing." A review of the record supports the trial court's findings that the proffered medical documentation was insufficient as it merely stated that plaintiff was "quite ill" due to an upper respiratory infection on 23 January 2013 and that he "should be able to return to work/school on within [sic] 7 days." Significantly, neither of the documents signed by plaintiff's physician revealed that plaintiff was unable to

attend any court proceedings. Furthermore, the trial court also found in its 27 February 2013 order that it was "familiar with the Plaintiff's habit of claiming and/or feigning illness and disability to proceed on the eve of court proceedings and then later producing documentation insufficient to substantiate any disability or incapacity to proceed[.]"

On this evidence, we find no irregularity or other grounds that would serve as a basis for a new trial pursuant to Rule 59. Accordingly, we hold that the trial court did not abuse its discretion in denying plaintiff's Rule 59 motion.

Affirmed.

Judges STEPHENS and STROUD concur.

Report per Rule 30(e).