COLLINS, Judge.
 

 *903
 

 *38
 
 Plaintiff Steve Manley appeals from the trial court's 13 January 2017 order that,
 
 inter alia
 
 , denied his motion to amend his complaint on the grounds of futility. Because the 13 January 2017 order was interlocutory, and Plaintiff failed to appeal from the 23 October 2018 final order granting Defendants summary judgment in the case, we lack jurisdiction to hear Plaintiff's appeal. Accordingly, we dismiss Plaintiff's appeal.
 

 I. Background
 

 This matter arises out of an accident that took place at Defendant Maple Grove Nursing Home's facility, in which decedent Clarence Manley ("Decedent") fell and injured himself, an injury that allegedly led to his death on 30 December 2014.
 

 Plaintiff, as Administrator of Decedent's estate, filed a so-called John Doe action on 11 April 2016 seeking subpoena power to investigate Decedent's fall and alleging negligence in connection therewith. On 19 May 2016, Plaintiff amended his complaint to bring causes of action for common law breach of fiduciary duty and professional negligence against Defendants Maple Grove Nursing Home; Snowshoe LTC Group, LLC; Principle Long Term Care, Inc.; and Britthaven, Inc. (collectively, "Defendants"). Defendants filed an answer to the amended complaint on 25 July 2016, and therein: (1) generally denied Plaintiff's allegations; (2) moved to dismiss the amended complaint pursuant to N.C. Gen. Stat. § 1A-1, Rules 9(j), 12(b)(1), and 12(b)(6); and (3) asserted defenses of contributory negligence and satisfaction of Plaintiff's requests for the production of Decedent's medical records.
 

 Plaintiff filed a motion to amend the complaint on 19 December 2016, and a supplemental motion to amend the complaint on 22 December 2016 (collectively, the "Motion to Amend"). In the Motion to Amend, Plaintiff: (1) argued that Defendants have failed to provide document discovery sufficient for Plaintiff to prosecute his case, and moved to compel the production of the allegedly-withheld documents; and (2) asserted that he had retained an expert who had concluded that malpractice had occurred and that he sought to add a cause of action for "nursing home malpractice" to the second amended complaint. Plaintiff attached the proposed second amended complaint reflecting the proposed cause of action for malpractice to his Motion
 
 *39
 
 to Amend, which included a certification of compliance with N.C. Gen. Stat. § 1A-1, Rule 9(j).
 
 [1]
 

 On 13 January 2017, the trial court entered an order denying Plaintiff's Motion to Amend.
 
 [2]
 
 In its 13 January 2017 order, the trial court noted that neither the original nor the amended complaint contained or was accompanied by a certification of compliance with Rule 9(j). The trial court denied Plaintiff's Motion to Amend on the grounds of futility because: (1) the statute of limitations for bringing a cause of action for wrongful death had expired such that a pleading could not be amended to add a new cause of action for medical malpractice; and (2) to the extent the original or amended complaints stated a cause of action for medical malpractice, those pleadings were deficient for failure to include a Rule 9(j) certification.
 

 On 14 August 2018, Defendants moved pursuant to N.C. Gen. Stat. § 1A-1, Rule 56, for summary judgment on Plaintiff's amended complaint. Plaintiff responded on 22 October 2018.
 

 On 23 October 2018, Superior Court Judge R. Stuart Albright entered an order granting Defendants' motion for summary judgment.
 

 *904
 
 On 20 November 2018, Plaintiff filed a Notice of Appeal that "gives notice of appeal to the North Carolina Court of Appeals from the Order denying the Plaintiff's Motion to Amend the Complaint, entered by the Honorable Lindsay R. Davis, Jr. on January 13, 2017[.]"
 

 II. Discussion
 

 Before we hear an appeal, we must first determine that we have jurisdiction to do so.
 

 Rule 3 of the North Carolina Rules of Appellate Procedure governs the procedure for taking an appeal in a civil matter. The first step in taking an appeal is the filing and service of a proper notice of appeal within a specified time period following the entry of judgment against the appellant.
 
 See
 
 N.C. R. App. P. 3 (2018). Appellate Rule 3(d) sets forth the required contents of a notice of appeal, and specifically requires
 
 *40
 
 an appellant to "designate the judgment or order from which appeal is taken[.]"
 
 Id.
 

 "[A]ppeal lies of right directly to the Court of Appeals ... [f]rom any final judgment of a superior court." N.C. Gen. Stat. § 7A-27(b)(1) (2018). The trial court's 23 October 2018 order granting Defendants' motion for summary judgment was a final judgment of a superior court.
 
 Green v. Dixon
 
 ,
 
 137 N.C. App. 305
 
 , 310,
 
 528 S.E.2d 51
 
 , 55 (2000) ("[A] cause of action determined by an order for summary judgment is a final judgment on the merits.").
 

 As detailed above, in his Notice of Appeal, Plaintiff purported to appeal from the trial court's 13 January 2017 order denying Plaintiff's Motion to Amend. But other than in circumstances which this case does not present,
 
 [3]
 
 "[a]n order denying a motion to amend pleadings is an interlocutory order, and is not immediately appealable."
 
 Carter v. Rockingham Cty. Bd. of Educ.
 
 ,
 
 158 N.C. App. 687
 
 , 689,
 
 582 S.E.2d 69
 
 , 71 (2003) (quotation marks and citation omitted). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."
 
 Veazey v. Durham
 
 ,
 
 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (1950). On the other hand, "[a] final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court."
 
 Id.
 
 at 361-62,
 
 57 S.E.2d at 381
 
 .
 

 Plaintiff gained the right to appeal from prior interlocutory orders in the case (such as the 13 January 2017 order) once the 23 October 2018 order granting Defendants summary judgment was entered, as the 23 October 2018 order disposed of the case entirely and left nothing to be judicially determined by the trial court.
 
 See
 

 Love v. Moore
 
 ,
 
 305 N.C. 575
 
 , 578,
 
 291 S.E.2d 141
 
 , 144 (1982) ("An interlocutory decree ... is reviewable only on appropriate exception upon an appeal from the final judgment in the cause.");
 
 N.C. Gen. Stat. § 1-278
 
 (2018) ("Upon an appeal from a [final] judgment, the court may review any intermediate order
 
 *41
 
 involving the merits and necessarily affecting the judgment."). But in order to properly appeal an interlocutory order, an appellant must designate both the interlocutory order and the final judgment rendering the interlocutory order reviewable in its notice of appeal, since "the appellate court obtains jurisdiction only over the rulings specifically designated in the notice of appeal as the ones from which the appeal is being taken."
 
 Chee v. Estes
 
 ,
 
 117 N.C. App. 450
 
 , 452,
 
 451 S.E.2d 349
 
 , 350 (1994).
 

 Plaintiff did not designate the 23 October 2018 order in his Notice of Appeal, which is a jurisdictional deficiency requiring dismissal of his appeal.
 
 See
 

 Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.
 
 ,
 
 362 N.C. 191
 
 , 197,
 
 657 S.E.2d 361
 
 , 365 (2008) ("A
 

 *905
 
 jurisdictional default ... precludes the appellate court from acting in any manner other than to dismiss the appeal.");
 
 Von Ramm v. Von Ramm
 
 ,
 
 99 N.C. App. 153
 
 , 156,
 
 392 S.E.2d 422
 
 , 424 (1990) ("Without proper notice of appeal, this Court acquires no jurisdiction." (quotation marks and citation omitted)).
 

 This Court has said that "a mistake in designating the judgment, or in designating the part appealed from if only a part is designated, should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be
 
 fairly inferred
 
 from the notice and the appellee is not misled by the mistake."
 
 Von Ramm
 
 ,
 
 99 N.C. App. at 156-57
 
 ,
 
 392 S.E.2d at 424
 
 (emphasis in original) (quotation marks and citation omitted). But as in
 
 Von Ramm
 
 -where this Court held that a defendant's notice of appeal from an order denying his motion to set aside a final judgment did not allow the Court to fairly infer that defendant also intended to appeal the underlying judgment-we hold that an intent to appeal from the 23 October 2018 order cannot be fairly inferred from Plaintiff's Notice of Appeal.
 

 Id.
 

 We accordingly conclude that we have not acquired jurisdiction to hear Plaintiff's appeal.
 

 III. Conclusion
 

 Because Plaintiff failed to comply with Appellate Rule 3 as required, we have no jurisdiction to hear Plaintiff's appeal. We thus dismiss Plaintiff's appeal.
 

 DISMISSED.
 

 Judges STROUD and ARROWOOD concur.
 

 [1]
 

 In relevant part, Rule 9(j) requires dismissal of a complaint alleging medical malpractice against a health care provider unless the complaint contains a specific assertion that a reasonably-anticipated expert witness has reviewed "the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry" and "is willing to testify that the medical care did not comply with the applicable standard of care[.]" N.C. Gen. Stat. § 1A-1, Rule 9(j) (2016).
 

 [2]
 

 The trial court also denied Plaintiff's motion to compel further document production in its 13 January 2017 order.
 

 [3]
 

 Our Supreme Court has said that "immediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay [pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) ]. ... Second, immediate appeal is available from an interlocutory order or judgment which affects a 'substantial right' " within the meaning of
 
 N.C. Gen. Stat. §§ 1-277
 
 or 7A-27.
 
 Sharpe v. Worland
 
 ,
 
 351 N.C. 159
 
 , 161-62,
 
 522 S.E.2d 577
 
 , 579 (1999) (citations omitted). No Rule 54 certification is reflected in the record, and Plaintiff nowhere argues that the trial court's denial of his Motion to Amend affected a substantial right within the meaning of
 
 N.C. Gen. Stat. §§ 1-277
 
 or 7A-27.