JIM F. CARR v. ORA S. CARR

No. 8822DC107

(Filed 20 December 1988)

**Divorce and Alimony § 30— erroneous equitable distribution order**

An equitable distribution order was incomplete and erroneous where it failed to classify, value and distribute various bank accounts and household goods but left matters relating thereto open for an indefinite period in the hope that the parties will evaluate and divide them; it contained no findings of the "net" value of the total marital estate, the properties distributed to each party, or three tracts of maritally owned real estate; it made an unequal division without findings that the statutory factors required by N.C.G.S. § 50-20(c) were considered and that such division was equitable; and it failed to distribute three tracts of marital real estate but declared that the parties own each tract as tenants in common and directed that they be sold by commissioners if the parties do not divide them within an unstated time.

APPEAL by plaintiff from *Martin, Lester P., Jr., Judge.* Judgment entered 22 June 1987 and order entered 31 August 1987 in District Court, IREDELL County. Heard in the Court of Appeals 29 August 1988.

Carr v. Carr

*DeLaney & Sellers, by Timothy G. Sellers, for plaintiff appellant.*

*No brief filed for defendant appellee.*

PHILLIPS, Judge.

The equitable distribution judgment appealed from is incomplete and erroneous in several respects. To enter a proper equitable distribution judgment the trial court must classify all property owned by the parties or either of them as either marital or separate; must determine the net market value of the marital property as of the separation date; must determine what division of the marital property is equitable; and must distribute the property to the parties accordingly. *Cable v. Cable*, 76 N.C. App. 134, 331 S.E. 2d 765, *disc. rev. denied*, 315 N.C. 182, 337 S.E. 2d 856 (1985); *Little v. Little*, 74 N.C. App. 12, 327 S.E. 2d 283 (1985). And in doing all these things the court must be specific and detailed enough to enable a reviewing court to determine what was done and its correctness. *Wade v. Wade*, 72 N.C. App. 372, 325 S.E. 2d 260, *disc. rev. denied*, 313 N.C. 612, 330 S.E. 2d 616 (1985).

The failings of this judgment include the following:

(1) Instead of identifying, classifying, valuing and distributing the various bank accounts and articles of household property that the parties were found to have acquired during the marriage, the judgment left everything relating to these properties open for an indefinite period in the hope that the parties, who have agreed about very little in recent years, will evaluate and divide them. This is the antithesis of a distribution and it rendered interlocutory what purports to be and should be a final judgment. It also prevents us from knowing what properties the parties will receive, much less their value, and made meaningless the statement that the distribution is equitable. Though agreements are to be welcomed by the courts, "agreements" that have not and may never be made have no place in a purportedly final equitable distribution.

(2) No findings were made as to the *net* value of the total marital estate, or the properties distributed to each party, or of the three tracts of maritally owned real estate. That

the court did find what the fair market values of the three tracts were is not sufficient since these values were not reduced by their encumbrances which include at least past due taxes according to the evidence. Be that as it may, fair market value, though a necessary preliminary finding in these cases, is not the same as net value and G.S. 50-20(c) requires that net value be determined.

(3) Though the distribution undertaken is unequal (according to our calculations, an unnecessarily laborious process due to the disorganized arrangement of the judgment, properties worth $48,990.88 were distributed to plaintiff and $37,225.04 to defendant), no findings were made that the statutory factors required by G.S. 50-20(c) were considered and no determination was made that an unequal division is equitable.

(4) Instead of dividing and distributing the three tracts of marital real estate in some practical and equitable manner (a simple thing to do since each tract has approximately the same fair market value and a balance can be readily achieved by reducing the major recipient's personal property or requiring an appropriate payment), the judgment merely declared that the parties own each tract as tenants in common and directed that if they do not divide the tracts within an unstated time, they be sold by commissioners under the Judicial Sales Act. This is not a distribution, but a dilatory and potentially wasteful substitute that neither reason nor the record justifies.

(5) No conclusions of law were made.

The judgment was not a total loss, however, for findings made in findings of fact 1 through 9 as to the status and fair market value of the properties referred to therein are supported by competent evidence and are therefore binding upon us. *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). But the statements made in those findings as to the distribution of the properties referred to therein have no basis and are vacated along with all the other parts of the judgment. Working from the findings that have been affirmed, upon remand such further proceedings may be conducted as are necessary for the entry of a proper judgment herein.

Carr v. Carr

Affirmed in part; vacated in part; and remanded.

Judge WELLS concurs.

Judge BECTON concurs in the result.