TYSON, Judge.
John Bernard Davis ("defendant") appeals from: (1) an Order denying Rule 59 and Rule 60 relief entered 20 November 2003; (2) an Equitable Distribution Order entered 20 August 2003; (3) Summary Judgment entered 11 March 2003; and (4) Domestic Violence Protective Orders entered 13 July 2001, 22 July 2002, and 14 July 2003. We affirm.
I. Background
Debra M. Davis ("plaintiff") and defendant married on 14October 1979. One child was born of the marriage, who is now an adult.
On 11 June 2001, defendant quit both his jobs claiming he "couldn't do this anymore" and left the marital residence without notifying plaintiff of where he was planning to go. Plaintiff recognized that defendant had stopped taking his medication for his diagnosed depression and filed a missing persons report with the police after defendant's departure. Plaintiff believed defendant also carried a pistol with him.
On 25 June 2001, plaintiff filed a complaint against defendant seeking a divorce from bed and board, temporary and permanent domestic violence protective orders, possession of the parties' former marital residence, and equitable distribution of the parties' marital property. A temporary protective order was issued against defendant that day.
On 13 July 2001, judgment was entered granting plaintiff divorce from bed and board from defendant, sole possession of the parties' former marital residence, and a permanent protective order against defendant. The findings of fact stated, "plaintiff is actually and substantially in fear of serious and imminent bodily injury at the hands of defendant."
On 13 July 2002, plaintiff filed a Motion to Renew Domestic Violence Protective Order alleging defendant broke the terms of the first protective order and asserting defendant was mentally unstable. The court granted the motion and extended the permanent protective order for an additional year.
Defendant delivered a bouquet of flowers to plaintiff with copies of deeds executed on 19 July 2001 conveying two tracts of real property the parties jointly owned. The deeds named defendant as grantor and plaintiff as grantee. Each deed contained the following language:
This deed is executed for the purpose of conveying the Grantor's one-half (½) undivided interest in the above described premises to the Grantee, pursuant to N.C.G.S. § 39-13.3(c). The Grantor waives and quitclaims any right, title and interest in the above described premises by reason of his marriage with the Grantee, and waives any and all rights he may have to claim an interest in the above described property, should the Grantee die before the parties hereto have obtained a legal divorce.
On 7 February 2003, plaintiff filed a motion for partial summary judgment seeking full ownership of the two tracts of land and set the matter for hearing. Defendant did not appear at the 11 March 2003 hearing despite notice being properly served upon him. Partial summary judgment was granted for plaintiff.
On 1 July 2003, plaintiff filed a motion for a second renewal of the permanent protective order, alleging the parties were in the midst of equitable distribution and she still felt threatened. The motion was granted on 14 July 2003.
The equitable distribution hearing occurred on 2 July 2003 and 3 July 2003. Defendant insisted on representing himself, despite the court's offer to continue the case until he could obtain counsel. The court considered all the distributional factors and determined an equal distribution was equitable. The two tracts of real property were excluded from the distribution as separateproperty.
Defendant filed a Motion to Set Aside Prior Orders for Errors of Law dated 26 August 2003 seeking to set aside the protective orders, partial summary judgment, and equitable distribution. Defendant also filed a notice of lis pendens against the two tracts of real property. Plaintiff filed a response on 30 September 2003 and sought to have the notice of lis pendens set aside. The trial court heard arguments by both parties on 30 September 2003. Defendant's Motion to Set Aside Prior Orders for Errors of Law and request to stay execution of the equitable distribution were denied. The trial court granted plaintiff's motion to set aside defendant's notice of lis pendens. Defendant appeals.
II. Issues
The issues on appeal are whether: (1) defendant's assignments of error are properly before us for review; and (2) the trial court abused its discretion by denying defendant's Motion to Set Aside Prior Orders for Errors of Law.
III. Assignments of Error I and II
Defendant's Assignments of Error I and II are asserted to the trial court's decisions concerning three domestic violence protective orders and the partial summary judgment. These assignments of error are not properly before this Court.
Rule 3(c) of the N.C. Rules of Appellate Procedure ("Rule 3(c)") requires parties to file and serve notices of appeal within thirty (30) days after entry of judgment. N.C.R. App. P. 3(c) (2004). The three permanent protective orders were entered against defendant on 13 July 2001, 22 July 2002, and 14 July 2003. The trial court granted plaintiff partial summary judgment on 11 March 2003. Defendant's Notice of Appeal dated 20 November 2003 is well beyond the thirty day time limit prescribed by the North Carolina Rules of Appellate Procedure. The notice of appeal is jurisdictional and cannot be extended. Henlajon, Inc. v. Branch Highways, Inc., 149 N.C. App. 329, 560 S.E.2d 598 (2002).
We dismiss defendant's Assignments of Error I and II for failure to abide by Rule 3(c). N.C.R. App. P. 3(c).
IV. Motion to Set Aside Prior Orders for Errors of Law
Defendant argues the trial court abused its discretion by denying his Motion to Set Aside Prior Orders for Errors of Law based on Rule 59 and Rule 60 of the North Carolina Rules of Civil Procedure (individually, "Rule 59" and "Rule 60;" collectively, "Rules 59 and 60"). We disagree.
Our standard of review for a trial court's decision concerning motions pursuant to Rules 59 and 60 is abuse of discretion. Ollo v. Mills, 136 N.C. App. 618, 624, 525 S.E.2d 213, 217 (2000) (regarding Rule 59); Sink v. Easter, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975) (regarding Rule 60). To overturn a ruling for abuse of discretion, defendant must show the decision is manifestly unsupported by reason or is one so arbitrary that it could not have been the result of a reasoned decision. Briley v. Farabow, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998) (citing White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985); see also State v.Wilson, 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985)).
Here, the trial court addressed each issue in its findings and ruled against defendant based on competent evidence. First, the trial court correctly noted motions for new trials under Rule 59(b) of the North Carolina Rules of Civil Procedure must be served within ten (10) days after entry of judgment. Hennessee v. Cogburn, 39 N.C. App. 627, 629, 251 S.E.2d 623, 624, cert. denied, 297 N.C. 300, 254 S.E.2d 919 (1979); N.C. Gen. Stat. § 1A-1, Rule 59(b) (2003). Only the Equitable Distribution Order of 20 August 2003 falls within the allotted ten days. The three permanent restraining orders and partial summary judgment occurred several months and years before defendant filed his Rule 59 motion for a new trial.
Second, the trial court denied defendant relief from the Equitable Distribution Order under Rules 59 and 60. The findings show defendant received proper notice of the equitable distribution hearing and chose to represent himself. When the court offered to continue the case until he obtained legal representation, defendant declined. Defendant offers no evidence and we see no reason why the trial court's findings of distribution factors and subsequent equal distribution should be disturbed.
Third, the trial court, in its discretion under Rule 60, declined to grant defendant relief from the three permanent restraining orders and the partial summary judgment. It noted Rule 60 is not intended to correct judgments made under errors of law. Hagwood v. Odom, 88 N.C. App. 513, 519, 364 S.E.2d 190, 193 (1988) (citing Waters v. Qualified Personnel, Inc., 32 N.C. App. 548, 551, 233 S.E.2d 76, 78, rev'd on other grounds, 294 N.C. 200, 240 S.E.2d 238 (1978)). Defendant should have filed a timely notice of appeal or a timely motion for relief under Rule 59.
V. Conclusion
In his notice of appeal, defendant purported to appeal three domestic violence protective orders, a summary judgment, an equitable distribution order, and an order denying him relief under Rules 59 and 60. However, defendant failed to timely perfect his appeal of the three domestic violence protective orders and summary judgment under Rule 3(c). N.C.R. App. P. 3(c). Defendant has failed to show how the trial court abused its discretion in denying his Motion to Set Aside Prior Orders for Errors of Law. Relief under Rules 59 and 60 rests within the sound discretion of the trial court. Its ruling was based on both correct procedural grounds and competent evidence. The orders and judgments of the trial court are affirmed.
Affirmed.
Judges HUDSON and BRYANT concur.
Report per Rule 30(e).