DEBRA M. DAVIS v. JOHN BERNARD DAVIS

No. 571PA04

(Filed 30 June 2006)

**1. Appeal and Error— appealability—domestic violence protective orders—timeliness**

The Court of Appeals did not err by dismissing defendant's appeal from three domestic violence protective orders, and discretionary review of this issue was improvidently allowed, because: (1) on 22 April 2004 the Court of Appeals dismissed defendant's appeal with respect to the three protective orders, and thus, any language in the Court of Appeals' 5 October 2004 opinion pertaining to the protective orders was mere surplusage; (2) defendant did not file his petition for discretionary review of the Court of Appeals' dismissal of the appeal until 5 November 2004; and (3) under Rule 15(b) of the North Carolina Rules of Appellate Procedure, defendant's petition for discretionary review as to the protective orders was not timely filed.

**2. Divorce— equitable distribution—motions to dismiss— Rules 59 and 60**

The Court of Appeals did not err in an equitable distribution case by affirming the trial court's denial of defendant's motions pursuant to N.C.G.S. § 1A-1, Rules 59 and 60 of the North Carolina Rules of Civil Procedure, because: (1) defendant failed to preserve his right to pursue a Rule 59(a)(8) motion since a defendant must show a proper objection at trial to the alleged error of law giving rise to the Rule 59(a)(8) motion, and neither defendant's post-trial motion nor the remaining record before us shows a proper objection at trial to any of the rulings at issue; (2) it cannot be concluded from the record that the trial court abused its discretion in ruling on defendant's Rule 59(a)(9) motion; (3) defendant based his Rule 60 motion on alleged errors of law, but Rule 60(b) provides no specific relief for errors of law; and (4) defendant has failed to demonstrate that the trial court abused its discretion in denying defendant's Rule 60(b) motion.

**3. Divorce— equitable distribution—partial summary judgment—timely notice of appeal**

The Court of Appeals erred by dismissing defendant's appeal from partial summary judgment, dealing only with a portion of

the property that was eventually to be allocated following a hearing on plaintiff's claim for equitable distribution, and from the equitable distribution judgment based on failure to file a timely notice of appeal, because: (1) the partial summary judgment order was interlocutory and was, therefore, subject to appeal following entry of the final equitable distribution judgment; (2) until the trial court's final distribution order, defendant could not know how or if the real property in question would be valued when the parties' assets were distributed; (3) any immediate appeal of the partial summary judgment would have been premature since a full accounting and division of the parties' assets was still pending before the trial court; and (4) defendant's appeal of the partial summary judgment after the trial court's entry of the equitable distribution judgment was consistent with the policy of promoting judicial economy since a substantial right was not at stake.

**4. Divorce— equitable distribution—marital property—gift**

The Court of Appeals erred by upholding the equitable distribution judgment, because: (1) the two tracts of real property dealt with in the partial summary judgment on 11 March 2003 should have been considered marital property when on the date of separation the property in question was owned by plaintiff and defendant as tenants by the entirety; (2) the court's 20 August 2003 final equitable distribution judgment does not disclose what value, if any, was placed on the disputed tracts of real property; and (3) the record contains no evidence that the properties were a gift from defendant to plaintiff, and the trial court did not find the conveyances to be a gift.

Justice TIMMONS-GOODSON did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, 166 N.C. App. 516, 603 S.E.2d 585 (2004), affirming a judgment dated 20 August 2003 and an order dated 20 November 2003 entered by Judge Mitchell L. McLean and dismissing defendant's appeal from a judgment dated 13 July 2001 entered by Judge Jeanie R. Houston, an order dated 22 July 2002 entered by Judge Jeanie R. Houston, an order dated 14 July 2003 entered by Judge Edgar B. Gregory, and an order entered 11 March 2003 by Judge Mitchell L. McLean, all in District Court, Wilkes County. Heard in the Supreme Court 16 November 2005.

*Vannoy, Colvard, Triplett & Vannoy, P.L.L.C., by H.C. Colvard, Jr. and Daniel S. Johnson, for plaintiff-appellee.*

*Theodore M. Molitoris and Michelle D. Reingold for defendant-appellant.*

PARKER, Chief Justice.

This case presents the issues of whether the Court of Appeals erred in (i) dismissing defendant's appeal from three domestic violence protective orders and from a partial summary judgment for failure to file a timely notice of appeal, (ii) affirming the trial court's denial of defendant's motions pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure, and (iii) upholding the equitable distribution judgment. We affirm in part and reverse and remand in part the decision of the Court of Appeals and conclude that discretionary review was improvidently allowed in part.

Plaintiff and defendant were married on 14 October 1979. One child was born of the marriage. The parties separated on 11 June 2001. On 25 June 2001 plaintiff filed a complaint in Wilkes County District Court for temporary and permanent protective orders, a divorce from bed and board, and equitable distribution of the marital estate. An *ex parte* temporary protective order was entered on that date.

On 13 July 2001 the trial court signed a judgment (i) awarding plaintiff a divorce from bed and board and sole possession of the former marital residence and (ii) converting the temporary protective order into a permanent protective order. The findings of fact in the judgment stated that defendant left the marital home without telling plaintiff, "causing the [p]laintiff to file a missing persons report," and that defendant quit both of his jobs. The trial court also found that plaintiff "is actually and substantially in fear of serious and imminent bodily injury at the hands of [defendant]." On 15 July 2002 plaintiff filed a motion to renew the protective order. The motion was allowed on 22 July 2002.

Approximately one month later, on 20 August 2002, a judgment of absolute divorce was entered. The divorce judgment did not address the parties' equitable distribution claims, which remained pending until further action by the trial court.

On 6 or 7 February 2003, plaintiff filed a motion for partial summary judgment on the issue of title to two tracts of land she claimed

**DAVIS v. DAVIS**

[360 N.C. 518 (2006)]

were conveyed to her in fee simple absolute by defendant. Attached to the motion were two general warranty deeds, executed by defendant on or about 19 July 2001. Plaintiff's motion alleged defendant "executed two (2) general warranty deeds conveying to [p]laintiff all of his right title and interest to certain tracts of real property." These conveyances occurred approximately one month after the date of separation and one year before entry of the parties' absolute divorce decree. Plaintiff filed an affidavit in support of the motion for partial summary judgment on 11 March 2003. That same day the trial court granted plaintiff's motion. Defendant did not respond or appear at the hearing.

On 1 July 2003 plaintiff filed a motion to renew the protective order, stating that she still felt threatened in light of the pending equitable distribution action. The trial court allowed the motion on 14 July 2003. The 14 July 2003 order found that defendant objected to continuance of the protective order. Specifically, defendant asserted that the order was unnecessary, and he expressed concern that it was interfering with the operation of certain committees of the Ruritan Club of which both parties were members.

On 20 August 2003 the trial court entered an equitable distribution judgment concluding that equal distribution of the property was equitable. The two tracts of land subject to the 11 March 2003 summary judgment were excluded from consideration at the equitable distribution hearing.

On or about 26 August 2003, defendant filed motions to set aside the prior domestic violence protective orders, the partial summary judgment covering the two tracts of real property, and the equitable distribution judgment. Defendant claimed that these rulings were invalid on account of errors of law, and he sought to have them vacated pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure. Plaintiff responded on 30 September 2003, moving to deny defendant's motions and to "[c]ancel [d]efendant's Notice of Lis Pendens filed as to the tracts of real property involved in this matter." On 20 November 2003 the trial court denied all of defendant's motions and granted plaintiff's motion to remove the notice of *lis pendens*. That same day defendant gave notice of appeal to the Court of Appeals, appealing all three permanent domestic violence protective orders, the partial summary judgment, the equitable distribution judgment, and the order denying his motions for relief pursuant to Rules 59 and 60.

On 7 April 2004 plaintiff filed a motion to dismiss defendant's appeal. On 22 April 2004 the Court of Appeals allowed plaintiff's motion to dismiss defendant's appeals as to the domestic violence protective orders and denied the motion to dismiss as to the remaining order and judgments being appealed.

On 5 October 2004 the Court of Appeals held that defendant's appeals of the three protective orders and of the partial summary judgment order were untimely filed and that the trial court did not abuse its discretion in denying defendant's Rule 59 and Rule 60 motions.

[1] With regard to the domestic violence protective orders, plaintiff received the first permanent protective order against defendant on 13 July 2001. The trial court renewed this order on 22 July 2002 and again on 14 July 2003. Defendant did not file his notice of appeal of these orders until 20 November 2003. On 22 April 2004 the Court of Appeals dismissed defendant's appeal with respect to the three protective orders. Thus, any language in the Court of Appeals' 5 October 2004 opinion pertaining to the protective orders is mere surplusage. Defendant did not file his petition for discretionary review of the Court of Appeals' dismissal of the appeal until 5 November 2004. Under Rule 15(b) of the North Carolina Rules of Appellate Procedure, defendant's petition for discretionary review as to the protective orders was not timely filed. Accordingly, discretionary review of this issue was improvidently allowed.

[2] We now address defendant's Rule 59 and Rule 60 motions. On or about 26 August 2003, six days after entry of the final equitable distribution judgment, defendant filed a Motion to Set Aside Prior Orders for Errors of Law under North Carolina Civil Procedure Rules 59(a)(8) ("[e]rror in law occurring at the trial and objected to by the party making the motion") and (a)(9) ("[a]ny other reason heretofore recognized as grounds for [a] new trial") and under Rules 60(b)(4) ("The judgment is void."), (b)(5) ("[A] prior judgment upon which [the judgment] is based has been reversed or otherwise vacated . . . ."), and (b)(6) ("[a]ny other reason justifying relief from the operation of the judgment"). *See* N.C. R. Civ. P. 59, 60. Defendant sought to have the three protective orders and the partial summary judgment vacated and requested a new equitable distribution proceeding.

In order to obtain relief under Rule 59(a)(8), a defendant must show a proper objection at trial to the alleged error of law giving rise to the Rule 59(a)(8) motion. Neither defendant's post-trial motion nor

the remaining record before us shows a proper objection at trial to any of the rulings at issue. Nothing else appearing, from the record before us, defendant failed to preserve his right to pursue a Rule 59(a)(8) motion.

This determination leaves defendant's Rule 59(a)(9) motion, termed the "catch-all." A trial court's ruling on a motion for a new trial under Rule 59 is usually subject to an abuse of discretion standard. *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). A trial court may be reversed for abuse of discretion only upon a showing that its actions are "manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980); *see also Welch v. Kearns*, 261 N.C. 171, 172, 134 S.E.2d 155, 156 (1964). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "It has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Worthington*, 305 N.C. at 482, 290 S.E.2d at 602.

We are unable to conclude from the record before us that the trial court abused its discretion in ruling on defendant's Rule 59(a)(9) motion. Accordingly, we affirm the Court of Appeals' ruling on this issue.

Defendant based his Rule 60 motion on alleged errors of law. However, Rule 60(b) provides no specific relief for errors of law. *See Hagwood v. Odom*, 88 N.C. App. 513, 519, 364 S.E.2d 190, 193 (1988). "The appropriate remedy for errors of law committed by the [trial] court is either appeal or a timely motion for relief under N.C.G.S. Sec. 1A-1, Rule 59(a)(8)." *Id.* "Motions pursuant to Rule 60(b) may not be used as a substitute for appeal." *Jenkins v. Richmond Cty.*, 118 N.C. App. 166, 170, 454 S.E.2d 290, 293, *disc. rev. denied*, 340 N.C. 568, 460 S.E.2d 318 (1995). As with Rule 59 motions, the standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion. *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975).

Again, defendant has failed to demonstrate that the trial court abused its discretion in denying defendant's Rule 60(b) motion. Therefore, we affirm the Court of Appeals on this issue.

**[3]** Having found no abuse of discretion in the trial court's denial of defendant's Rule 59 and Rule 60 motions, the question then becomes whether defendant's notice of appeal from the entry of partial summary judgment was timely filed. As discussed below, we conclude that, as required by Rule of Appellate Procedure 3(c), defendant timely filed notice of appeal with respect to the order granting partial summary judgment and the final equitable distribution judgment. Thus, this Court may review these underlying orders for errors of law.

We turn then to the timeliness of defendant's notice of appeal from the partial summary judgment order and the equitable distribution judgment.

The Court of Appeals concluded that "defendant failed to timely perfect his appeal of the three domestic violence protective orders and summary judgment under Rule 3(c)." *Davis v. Davis*, 166 N.C. App. 516, 603 S.E.2d 585, 2004 WL 2238759, at *3 (Oct. 5, 2004) (No. COA03-1657) (unpublished), citing N.C. R. App. P. 3(c). As noted above, review of the domestic violence orders is not properly before us. As to defendant's appeal of the partial summary judgment order, we hold that it was timely filed.

The partial summary judgment order was interlocutory and was, therefore, subject to appeal following entry of the final equitable distribution judgment. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). In the present case the 11 March 2003 partial summary judgment order dealt only with a portion of the property that was eventually to be allocated following a hearing on plaintiff's claim for equitable distribution. The parties and the trial court undoubtedly knew that further action related to the parties' other assets would be needed. Until the trial court's final distribution order, defendant could not know how, or if, the real property in question would be valued when the parties' assets were distributed.

Generally, a party cannot immediately appeal from an interlocutory order unless failure to grant immediate review would "affect[] a substantial right" pursuant to N.C.G.S. sections 1-277 and 7A-27(d).

A party may appeal an interlocutory order under two circumstances. First, the trial court may certify that there is no just rea-

son to delay the appeal after it enters a final judgment as to fewer than all of the claims or parties in an action. N.C.G.S. § 1A-1, Rule 54(b) (1990). Second, a party may appeal an interlocutory order that "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment."

*Dep't of Transp. v. Rowe*, 351 N.C. 172, 174-75, 521 S.E.2d 707, 709 (1999) (quoting *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381); *see also Pelican Watch v. U.S. Fire Ins. Co.*, 323 N.C. 700, 702, 375 S.E.2d 161, 162 (1989).

This Court has acknowledged that "the 'substantial right' test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context . . . ." *Waters v. Qualified Pers., Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). Under the facts and in the procedural context of this case, we conclude that neither party had a "substantial right" in jeopardy that necessitated immediate appeal of the partial summary judgment. Any immediate appeal of the partial summary judgment would have been premature since a full accounting and division of the parties' assets was still pending before the trial court.

Moreover, even "where a party is entitled to an interlocutory appeal based on a substantial right, that party may appeal but is not required to do so." *Dep't of Transp. v. Rowe*, 351 N.C. at 176, 521 S.E.2d at 710. "The reason for these rules is to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Waters*, 294 N.C. at 207, 240 S.E.2d at 343.

Defendant's appeal of the partial summary judgment after the trial court's entry of the equitable distribution judgment was consistent with the policy of promoting judicial economy. *See Harrell v. Harrell*, 253 N.C. 758, 761, 117 S.E.2d 728, 730 (1961). Since a substantial right was not at stake, defendant properly waited until after the trial court's final judgment before filing his appeal.

[4] For these reasons we conclude that defendant's notice of appeal from the partial summary judgment and the equitable distribution judgment was timely. Defendant's Rule 59 motion to set aside prior orders was filed within ten days of entry of the final equitable distribution judgment, and the notice of appeal was filed within thirty

days of the trial court's order denying that motion. *See* N.C. R. App. P. 3(c)(3).

Although defendant gave notice of appeal from the equitable distribution judgment, the Court of Appeals reviewed the judgment only in conjunction with its review of the trial court's denial of defendant's Rule 59 motion. Appellate review of a denial of a Rule 59 motion for a new trial is distinct from review of the underlying judgment or order upon which such a motion may be based. *See Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990). Like a Rule 60 motion, a Rule 59 motion is not a substitute for an appeal. An aggrieved party is not required to file a Rule 59 motion to preserve the right to appeal, but upon timely motion under Rule 59, the thirty day period for taking an appeal is tolled until an order disposing of the motion is entered. N.C. R. App. P. 3(c)(3). Thus, in addition to obtaining review of the denial of a Rule 59 motion, an aggrieved party who gives proper and timely notice of appeal from the underlying ruling may have the underlying judgment or order reviewed on appeal.

The Court of Appeals stated that it could "see no reason why the trial court's findings of distribution factors and subsequent equal distribution should be disturbed." *Davis*, 2004 WL 2238759, at *3. We disagree.

Based on the plain language of the equitable distribution statute, the two tracts of real property dealt with in the partial summary judgment on 11 March 2003 should have been considered marital property. Marital property is defined as

all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property or divisible property in accordance with subdivision (2) or (4) of this subsection. . . . It is presumed that all property acquired after the date of marriage and before the date of separation is marital property except property which is separate property under subdivision (2) of this subsection. This presumption may be rebutted by the greater weight of the evidence.

N.C.G.S. § 50-20(b)(1) (2005). As the Court of Appeals stated in *Sharp v. Sharp*: "G.S. 50-20(a) effectively provides for the 'freezing' of the marital estate as of the date of the parties' separation. Marital assets, distributed thereafter, are valued as of that date." *Sharp v. Sharp*, 84

N.C. App. 128, 130, 351 S.E.2d 799, 800 (1987). On the date of separation, the property in question was owned by plaintiff and defendant as tenants by the entirety and was, thus, marital property.

Section 50-20(c) requires that the trial court make "an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable." N.C.G.S. § 50-20(c) (2005). Furthermore, N.C.G.S. § 50-20(j) states that "the court shall make written findings of fact that support the determination that the marital property and divisible property has been equitably divided." *Id.* § 50-20(j) (2005). In this case the trial court decided that an equal division was equitable, but the court's 20 August 2003 final equitable distribution judgment does not disclose what value, if any, was placed on the disputed tracts of real property.

> [T]o enter a proper equitable distribution judgment, prior to distributing the assets the trial court must classify and value all property owned by the parties at the date of separation. "And in doing all these things the court must be specific and detailed enough to enable a reviewing court to determine what was done and its correctness."

*Dalgewicz v. Dalgewicz*, 167 N.C. App. 412, 422, 606 S.E.2d 164, 171 (2004) (quoting *Carr v. Carr*, 92 N.C. App. 378, 379, 374 S.E.2d 426, 427 (1988)); *see also Stanley v. Stanley*, 118 N.C. App. 311, 314, 454 S.E.2d 701, 703-04 (1995).

In *Beroth v. Beroth*, even though the plaintiff executed six quitclaim deeds in favor of the defendant approximately a year before the parties' separation, effectively dissolving the tenancy by the entirety in those properties, the trial court nevertheless correctly held that the property involved was not removed "from the ambit of the Equitable Distribution Act." *Beroth v. Beroth*, 87 N.C. App. 93, 94, 359 S.E.2d 512, 513, *disc. rev. denied*, 321 N.C. 296, 362 S.E.2d 778 (1987), *disapproved on other grounds by Armstrong v. Armstrong*, 322 N.C. 396, 368 S.E.2d 595 (1988). In the instant case the tenancy by the entirety was not dissolved until after the date of separation.

Plaintiff argues that the two tracts of land were given to her as gifts and that, pursuant to the partial summary judgment, defendant has no right, title, or interest in the property. However, the pertinent statute precisely states that "property acquired by gift from the other spouse during the course of the marriage shall be considered

separate property only if such an intention is stated in the conveyance." N.C.G.S. § 50-20(b)(2) (2005). Both deeds at issue were worded thusly:

> This deed is executed for the purpose of conveying the Grantor's one-half (1/2) undivided interest in the above described premises to the Grantee, pursuant to N.C.G.S. [§] 39-13.3(c). The Grantor waives and quitclaims any right, title and interest in the above described premises by reason of his marriage with the Grantee, and waives any and all rights he may have to claim an interest in the above described property, should the Grantee die before the parties hereto have obtained a legal divorce.

This language does not indicate that plaintiff initially received the properties as a gift nor do the deeds expressly convey a gift. The record contains no evidence that the properties were a gift from defendant to plaintiff, and the trial court did not find the conveyances to be a gift.

We cannot determine whether the properties recorded in Deed Book 862, Pages 341 and 342 of the Wilkes County Registry were properly classified, valued, and distributed or whether the trial court properly valued and took into consideration the parties' separate estates when determining that an equal distribution of the marital property was equitable. Therefore, we reverse the decision of the Court of Appeals as to the 11 March 2003 summary judgment and the 20 August 2003 equitable distribution judgment and remand those matters to the Court of Appeals for further remand to the trial court for proceedings consistent with both N.C.G.S. § 50-20 and this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.

Justice TIMMONS-GOODSON did not participate in the consideration or decision of this case.