JOYCE OTTO, Plaintiff v. DANIEL AND KIMBERLY CERTO, Defendants

No. COA10-172

(Filed 15 March 2011)

**Constitutional Law— due process—motion for new trial—failure to give notice of hearing**

    The trial court's order in a summary ejectment case was reversed and remanded for further proceedings because defendants' due process rights were violated when they did not receive notice of the hearing on their motion for a new trial.

Appeal by defendants from a judgment entered on or about 5 October 2009 by Judge William A. Leavell, III and from an order

entered 19 September 2008 by Judge Jack E. Klass in District Court, Madison County. Heard in the Court of Appeals 30 August 2010.

*No plaintiff-appellee's brief filed.*

*The Sutton Firm, P.A. by April Burt Sutton, for defendants-appellants.*

STROUD, Judge.

Daniel and Kimberly Certo ("defendants") appeal from a district court's judgment and from an order denying their motion for a new trial. Because defendants did not receive notice of the hearing on their motion for new trial, we reverse the district court's 5 October 2009 order and remand for further proceedings.

On 18 August 2008, Joyce Otto ("plaintiff") initiated this action by filing a "Complaint in Summary Ejectment" in district court alleging that defendants had entered into an "oral" lease agreement with plaintiff to pay the "First of each month . . . . $744.62" to rent the property located at "170 High Rock Mountain Road[,] Marshall, NC 28753" but the lease had ended on "August 1, 2008" and "defendant[s] [were] holding over after the end of the lease period." A "Magistrate Summons" for a small claims action was issued on 18 August 2008 setting the date of trial for 10:00 A.M. on 3 September 2008 and was served on both defendants on 23 August 2008. On 29 August 2008, defendants, proceeding *pro se*, filed a written answer denying plaintiff's title to the property in question, counterclaiming for equitable relief, and demanding trial by jury. Defendants amended their answer and counterclaim on 29 August 2008.

Following a bench trial on 17 September 2008, the district court, on 19 September 2008, entered a handwritten judgment finding that on 12 November 1996 plaintiff and defendants entered into a written offer to purchase real estate in Madison County, North Carolina; defendants were the buyers and plaintiff was the seller; the purchase price was $89,400 and the earnest money was $4,500 paid by "personal check, nonrefundable by seller[;]" by agreement on September 1997, the parties extended the contract to purchase for an additional 36 months and at the end of 24 months they agreed for payment of an additional $2,550.00; and under the terms of the extension, defendants had until 12 November 2001 to purchase the real property. The Court then "Ordered Adjudged and decreed":

That the Defendants are granted an extension to purchase said property until Jan. 2, 2009: On Jan 2, 2009 if Defendants have failed [to] purchase said property and pay to the Plaintiff the balance of the amount owing to Plaintiff, Then Plaintiff shall be entitled to recover the said Real Estate upon payment to the Defendants all amounts paid by the[m] for back Real Estate Tax and Insurance on said real Estate. The costs of this action shall . be share[d] equally by the parties. This 19 day of September 2008. [District Court Judge Klass' Signature].

[Addendum:] The court in rendering this Judgment feels that from the evidence [that] Both Parties should have acted sooner to finalize this matter—

This is a very rough order I will be glad to be more specific on Sept 29, 2008, when I return. Thanx.

Despite the district court's note that "[t]his is a very rough order I will be glad to be more specific on Sept. 29, 2008," no additional order appears in the record on appeal.

On 29 September 2008, defendants filed a *pro se* motion for (1) transfer of the matter to superior court; (2) a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59; (3) relief from the judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60; and (4) summary judgment. In this motion, defendants also raised arguments regarding "Lack of Adequate Notice [,]" "Matter Not Ripe for Hearing[,]" "Order Unclear[,]" "Compliance with Court's Order Inequitable[,]" "Certos Have Note [sic] Breached Contract[,]" and "Fraud by Plaintiff[,]" among others.[1] On 7 October 2008, plaintiff moved to (1) strike defendants' 29 September 2008 pleadings; (2) to dismiss defendant's motions to transfer to superior court, for a new trial, relief from the judgment, and summary judgment; and (3) for sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11. On 6 November 2008, plaintiff filed a "Notice of Hearing" setting plaintiff's motions for 24 November 2008 in District Court, Madison County at 9:30 a.m. "or as soon thereafter as the Court may hear same." On this notice was a stamped "Certificate of Service" stating that "*counsel* for the opposing party" had been served with this notice of hearing "by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage

---

1. We note that 29 September 2008, the date of defendants' motion, is the same date upon which the trial court indicated in its handwritten order that it would "be more specific[.]" However, the record does not include any indication of any court proceedings on 29 September 2009.

thereon," that was dated 30 October 2008, and signed by plaintiff's counsel. (Emphasis added.) Despite the certificate of service's reference to serving defendants' "counsel[,]" the record does not include any indication that defendants were ever represented by counsel in the proceedings before the district court in this matter.

On 21 July 2009, the district court held a hearing on all pending motions of both plaintiff and defendants. On 8 October 2009, the district court entered an order denying defendants' motions for a transfer to superior court, new trial, relief from the judgment, and summary judgment. The district court also denied plaintiff's motion to strike and for sanctions and ordered the parties to bear their own costs. The district court's order notes that only plaintiff's counsel was present for the 22 July 2009 hearing on plaintiff's and defendants' motions. Defendants gave written notice of appeal on 28 October 2009 from the 19 September 2008 judgment and the 8 October 2009 order.

Although defendants first argue their issues arising from the 19 September 2008 judgment, we find that the second issue, regarding the denial of their motion for new trial, is dispositive. "Appellate review of a denial of a Rule 59 motion for a new trial is distinct from review of the underlying judgment or order upon which such a motion may be based." *Davis v. Davis*, 360 N.C. 518, 526, 631 S.E.2d 114, 120 (2006). We will therefore address the second issue, regarding lack of notice of the 21 July 2009 hearing.

Defendants argue that the district court abused its discretion in denying their Rule 59 request for a new trial because they lacked notice of the 21 July 2009 hearing on plaintiff's and defendants' motions and this amounted to a violation of their due process rights. We have noted that

Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1, section 17, of the North Carolina Constitution. Notice is adequate if it is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Brown v. Ellis,* —— N.C. App. ——, ——, 696 S.E.2d 813, 822 (2010) (citation omitted). "Whether a party has adequate notice is a question of law, which we review *de novo.*" *Id.* (citation omitted).

Here, following the 19 September 2008 judgment on the merits of the case, defendants on 29 September 2008, filed a motion making numerous requests, including a motion for a new trial pursuant to Rule 59. On 7 October 2008, plaintiff filed concurrent motions to strike, for sanctions, and to dismiss defendants' motion. On 6 November 2008, plaintiff's counsel filed a "notice of hearing" setting plaintiff's motions "at the November 24th, 2008 term of Madison County District Court at 9:30 a.m. or as soon thereafter as the Court may hear same." However, the hearing was not held on 24 November 2008. Although the record neither reveals any reason that the hearing was not held on 24 November 2008 nor any additional notice of hearing, all of the plaintiff's and defendants' pending motions were heard on 21 July 2009. It was noted in the hearing transcript that defendants were not present or represented by counsel and there is no indication in the record that defendants received notice of the 21 July 2009 hearing.

Because notice of hearing to defendants is the issue before us, and notice can be given to a party's counsel, we have examined the record for any indication that defendants received notice of the hearing through counsel but have found none. Although there is no appearance of an attorney of record for defendants before the trial court, the record does include a 1 May 2009 letter from a West Virginia attorney, Ralph C. Young, on behalf of defendants, to plaintiff's counsel. This letter does not state that Mr. Young would be appearing as counsel for defendants and in fact notes his understanding that both plaintiff's counsel and "Mr. Cogburn, as counsel for Mr. and Mrs. Certo, have agreed to let me work to accomplish" a resolution of the case.[2] In addition, the letter notes that Mr. Young had "retained the services of a North Carolina attorney [April Sutton] to prepare a Quit-Claim Deed[.]" Additionally, from the 21 July 2009 hearing transcript, it is clear that plaintiff's counsel had been in contact with Mr. Young and Mr. Cogburn, and he knew "that April Sutton may be involved in it." However, Ms. Sutton's first appearance as counsel for defendants was on 28 October 2009 on the notice of appeal. We further note that no additional documents or information regarding any scheduling or notice of a hearing upon the motions of either

---

2. It appears that Mr. Cogburn was representing defendants herein in another legal matter arising out of their contract to purchase the plaintiff's property.

plaintiff or defendants are included in the record. While discussing defendants' absence with the trial court at the start of the 21 July 2009 hearing, plaintiff's counsel stated in open court that "[i]f I made a phone call, I bet you I could have [defendants] here in five minutes." However, there is no indication in the hearing transcript that plaintiff's counsel contacted defendants prior to the hearing nor did plaintiff's counsel state that defendants had actual notice of the 21 July 2009 hearing. As defendants did not receive any notice, much less "adequate" notice "reasonably calculated . . . to apprise" them of the 21 July 2009 hearing, they were not afforded "an opportunity to present their objections[,]" in violation of their due process rights. *See Brown,* —— N.C. App. at ——, 696 S.E.2d at 822. Because the defendants' motion as well as the plaintiff's motions must be heard again by the district court, we need not address the substantive issues raised in these motions. Accordingly, we reverse the district court's 8 October 2009 order which rules upon the defendants' and plaintiff's pending motions and remand for further proceedings consistent with this opinion.

REVERSED.

Chief Judge MARTIN and Judge ERVIN concur.