An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-821

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

JEFFREY E. HIGGINS,
      Plaintiff-Appellant,

v.                                    Forsyth County
                                      No. 02 CVD 6068
THERESSA C. JORDAN,
(formerly HIGGINS),
      Defendant-Appellee.


Appeal by Plaintiff from order entered 13 January 2012 and judgment entered 20 December 2012 by Judge Chester C. Davis in District Court, Forsyth County. Heard in the Court of Appeals 10 December 2013.


*J. Clark Fischer for Plaintiff-Appellant.*

*C.R. "Skip" Long, Jr. for Defendant-Appellee.*


McGEE, Judge.

Jeffrey E. Higgins ("Plaintiff") filed an action for divorce and equitable distribution on 29 August 2002. Plaintiff's wife at the time, Theressa C. Jordan (formerly Higgins) ("Defendant"), responded *pro se* by letter dated 21 October 2002, contesting certain parts of Plaintiff's equitable

distribution claim. The judgment on absolute divorce in this matter was entered on 18 November 2002, but the issue of equitable distribution was continued, to be resolved at a later date. A pre-trial order was entered on 21 October 2003, signed only by Plaintiff and his attorney. According to the judgment in this matter, "[a]t some time after October 20, 2003, the court conducted an equitable distribution trial with the Plaintiff and his attorney. Neither the Defendant nor any attorney representing her were present for the trial." However, Plaintiff's attorney never prepared the equitable distribution judgment following the trial, so no equitable distribution judgment was ever filed based upon that first trial.

Defendant, now represented by counsel, filed a "Motion Not to Enter Proposed Judgment; Motion to Set Aside/Amend Pre-trial Order; Motion to Set Trial Date" on 9 February 2009. Following a 20 July 2010 hearing, the trial court took the unusual step of ordering Plaintiff and Defendant to select an appellate attorney to prepare an "advisory opinion" concerning how issues surrounding the potential setting aside of the pre-trial order and decision on whether to enter an equitable distribution judgment based upon the prior trial, might be treated on appeal. This was accomplished by order entered 21 March 2011. Plaintiff and Defendant selected an appellate attorney to prepare the

"advisory opinion." The appellate attorney submitted an "advisory opinion" on 16 May 2011. In an order entered 13 January 2012, the trial court granted Defendant's motions, declining to enter Plaintiff's equitable distribution judgment, setting aside the 21 October 2003 pre-trial order, and ordering Plaintiff and Defendant to arrange and schedule mediation and, if Plaintiff and Defendant were unable to reach an agreement in mediation, a new pre-trial order would be entered. This matter again went to trial on 22 May 2012. The trial court entered an equitable distribution judgment on 20 December 2012 which, after factoring the assets and liabilities of the marital estate, awarded Plaintiff $105,077.23 of "the net marital estate" and Defendant $102,060.45 of "the net marital estate[.]" Plaintiff appeals.

I.

In Plaintiff's first argument, he contends the trial court erred by abdicating its judicial responsibilities in granting Defendant's motion to set aside the 21 October 2003 pre-trial order. We disagree.

By motion filed 9 February 2009 (amended 4 May 2010), Defendant moved, pursuant to N.C. Gen. Stat. § 1A-1, Rules 59 and 60, for the trial court to, *inter alia*, set aside the pre-trial order filed 21 October 2003. In its 13 January 2012

order, the trial court, "in its discretion, [set] aside the October 21, 2003 Pre-Trial Order[.]"  "As with Rule 59 motions, the standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion."  *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citation omitted).

We first note there is nothing in the record that indicates Plaintiff objected to the trial court's ordering and considering the "advisory opinion" at any time.  The 21 March 2011 order selecting the appellate attorney to provide the "advisory opinion" states in relevant part:

> IT FURTHER APPEARING to the Court that after hearing arguments and contentions from both attorneys, that an advisory opinion from an experienced appellate attorney would be useful to the [c]ourt and to the parties. After some discussions in open court, the parties agreed to equally share the cost of this advisory opinion (conditioned on the total cost not exceeding $1,000.00). Counsel agreed to request that [an appellate attorney] review the file and the contentions of the parties in order to provide an advisory opinion.

It appearing that Plaintiff failed to preserve this issue for appellate review through objection in the trial court, this argument is deemed abandoned.  *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 195, 657 S.E.2d 361, 363 (2008) (citation omitted) ("Rule 10 . . . provides that '[i]n order to preserve a question for appellate review, a party must

have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make.'").

Assuming, *arguendo*, that Plaintiff properly preserved this issue for appellate review, his argument still fails. In its 13 January 2012 order, the trial court stated:

> IT FURTHER APPEARING to the Court that after hearing and considering arguments and contentions from both attorneys, carefully considering the verified pleadings in the file, considering the Advisory Opinion filed in this case, that the interests of justice, and a strong public policy favoring that parties have their "day in court," the length of time and delays which have occurred in this case, the [c]ourt, in its[] discretion is declining to enter Plaintiff[']s proposed equitable distribution judgment based upon a trial which occurred in December of 2003. In addition, the Court is setting aside the pre-trial order entered into October 21, 2003 based upon the fact that, *inter alia*, said order was never consented to by . . . Defendant.

We do not find that the trial court abdicated its judicial responsibility by considering the "advisory opinion" authored by the attorney selected by both parties. The 13 January 2012 order makes clear that the trial court considered all arguments of counsel, the opinion of the appellate attorney, and the pleadings before exercising its discretion to set aside the 21

October 2003 order. Plaintiff has failed to demonstrate any abuse of discretion. This argument is without merit.

## II.

In his second argument, Plaintiff contends the trial court abused its discretion in granting Defendant an unequal distribution in her favor. We disagree.

Plaintiff argues that the trial court improperly granted Defendant an unequal distribution of the marital assets based upon a finding that Plaintiff mismanaged family finances. We need not determine whether the trial court's finding was supported by the evidence, as Plaintiff fails to properly argue, much less demonstrate, that Defendant received a greater share of the marital assets than did Plaintiff.

In the 20 December 2012 equitable distribution judgment, the trial court ordered that Plaintiff receive $105,077.23 of "the net marital estate[.]" The trial court ordered that Defendant receive $102,060.45 of "the net marital estate[.]" Plaintiff does not contest these numbers. To the extent that a difference of $3,016.78 constituted an unequal distribution of the marital assets, it was an unequal distribution in Plaintiff's favor. This argument is without merit.

Affirmed.

Judges HUNTER, Robert C. and ELMORE concur.

Report per Rule 30(e).