**IN RE T.J.**

[146 N.C. App. 605 (2001)]

IN THE MATTER OF: T. J.

No. COA00-835

(Filed 16 October 2001)

**Juveniles— probation violation—authority to extend original probation**

The juvenile court did not err by finding that a juvenile violated his terms of probation and by extending the juvenile's probation after the expiration of his original term of probation, because: (1) N.C.G.S. § 7B-2510 confers limited discretion on the trial court to modify probation within a reasonable time after its expiration; (2) the determination of what amount of time is reasonable should be made in light of the time necessary to schedule a hearing on a juvenile's probation and the time needed by the juvenile and the State to prepare for such a hearing; and (3) the juvenile counselor in this case was affording the juvenile an extended opportunity to complete his required hours of community service, but to no avail.

Appeal by juvenile from order entered 14 February 2000 by Judge Richard G. Chaney in Durham County District Court. Heard in the Court of Appeals 16 May 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Lisa Granberry Corbett, for the State.*

*UNC Clinical Programs, by Joseph E. Kennedy, for juvenile-appellant.*

WALKER, Judge.

The juvenile was initially adjudicated delinquent for possession of stolen property. On 2 February 1999, the juvenile was placed on probation for a period of one year and ordered to complete 48 hours of community service. On 21 January 2000, prior to the expiration of the juvenile's probation, his court counselor filed a motion for review alleging he had not completed the required hours of community service. A hearing was held on 14 February 2000, at which the juvenile admitted violating his probation. The juvenile court extended the juvenile's probation for six months on the condition that he complete the remaining hours of community service.

IN RE T.J.

[146 N.C. App. 605 (2001)]

The sole question on appeal is whether the juvenile court, upon a motion for review and a finding that a violation of probation had occurred, had the authority to extend the juvenile's probation after the expiration of his original term of probation.

When the juvenile was placed on probation, N.C. Gen. Stat. § 7A-649(8) was in effect. This statute was repealed and replaced by N.C. Gen. Stat. § 7B-2500 et seq. effective 1 July 1999. While review would be appropriate under N.C. Gen. Stat. § 7A-649(8), all relevant portions of this statute have been carried forward into N.C. Gen. Stat. § 7B-2510(c), upon which we base our analysis.

We note at the outset that the purpose of the juvenile code is to "give to delinquent children the control and environment which may lead to their reformation and enable them to become law abiding and useful citizens . . . ." *In re Whichard*, 8 N.C. App. 154, 161, 174 S.E.2d 281, 285 (1970). Juvenile dispositions should emphasize "accountability and responsibility." N.C. Gen. Stat. § 7B-2500(2) (1999).

The juvenile court's authority to modify an order is contained in N.C. Gen. Stat. § 7B-2600(c) (1999). This statute provides, in part, that where a juvenile has been found delinquent, the juvenile court has authority to modify any order or disposition "during the minority of the juvenile" or "until terminated by order of the court." However, when considering probation modifications, this authority must be considered in connection with N.C. Gen. Stat. § 7B-2510 (1999).

The juvenile contends the authority of the juvenile court to extend the period of probation is governed by N.C. Gen. Stat. § 7B-2510(c) which provides:

(c) An order of probation shall remain in force for a period not to exceed one year from the date entered. Prior to expiration of an order of probation, the court may extend it for an additional period of one year after a hearing, if the court finds that the extension is necessary to protect the community or to safeguard the welfare of the juvenile.

The juvenile argues this statute only permits the juvenile court to review a juvenile's probation "prior to the expiration of the order" and that once the original probation period has expired, the juvenile court is without authority to extend probation. The State contends that subsection (c) is applicable only when "the court finds that the extension is necessary to protect the community or to safeguard the welfare of the juvenile." The State further argues that subsection (c) must be

**IN RE T.J.**

[146 N.C. App. 605 (2001)]

interpreted in connection with sections (d) and (e) of the statute which provide, in pertinent part:

> (d) On motion of the court counselor or the juvenile, or on the court's own motion, the court may review the progress of any juvenile on probation **at any time during the period of probation or at the end of probation**. The conditions or duration of probation may be modified only as provided in this Subchapter and only after notice and a hearing.

> (e) If the court, after notice and a hearing, finds by the greater weight of the evidence that the juvenile has violated the conditions of probation set by the court, **the court may continue the original conditions of probation, modify the conditions of probation**, or, except as provided in subsection (f) of this section, order a new disposition at the next higher level on the disposition chart in G.S. 7B-2508. In the court's discretion, part of the new disposition may include an order of confinement in a secure juvenile detention facility for up to twice the term authorized by G.S. 7B-2508. (emphasis added).

Sections (d) and (e) of the statute give the juvenile court the authority to review the progress of the juvenile "at any time during the period of probation or at the end of probation." In contrast, the statute governing the extension and modification of probation for adults specifically states that such alterations must be made "prior to the expiration or termination of the probationary period." N.C. Gen. Stat. § 15A-1344(d) (1999). Furthermore, the adult statute outlines specific situations in which the probationary period may be tolled to allow modifications after the original expiration date. *Id.* We hold the lack of such specificity in N.C. Gen. Stat. § 7B-2510 exhibits an intent by the legislature that the juvenile court not be bound by a rigid requirement that probation be modified or extended before the expiration of the probationary period. Rather, the legislature's edict that modification and alteration may occur "at the end" of the probationary period confers limited discretion on the trial court to modify probation within a reasonable time after its expiration. The determination of what amount of time is reasonable should be made in light of the time necessary to schedule a hearing on a juvenile's probation and the time needed by the juvenile and the State to prepare for such a hearing.

Here, after the juvenile's court counselor filed a motion for review before the expiration of his probationary period and held a

timely hearing, it found the juvenile violated the terms of his probation. The juvenile asserts his violation was alleged to have occurred in November 1999 but the motion to review was not filed until January 2000. It is apparent the juvenile counselor was affording the juvenile an extended opportunity to complete his required hours of community service, but to no avail.

In keeping with the underlying purpose of the juvenile code, it is obvious the legislature intended N.C. Gen. Stat. § 7B-2510(d) and (e) to authorize the juvenile court to deal with precisely the type of situation which confronted the court here. We conclude the juvenile court properly reviewed the progress of the juvenile and extended his probation. Therefore, the order of the juvenile court is

Affirmed.

Judges McCULLOUGH and THOMAS concur.