**IN RE A.F.**

[231 N.C. App. 348 (2013)]

IN THE MATTER OF A.F.

No. COA13-610

Filed 17 December 2013

**Juveniles—delinquency—modification of disposition—delinquency history level**

The trial court erred in a juvenile delinquency case by denying juvenile's motion to modify a Level 3 disposition order. The juvenile was not, contrary to the trial court's calculation of his delinquency history level, on probation on the date upon which he committed the felonious breaking or entering which led to the entry of the challenged disposition order. In the absence of the assignment of these additional delinquency history points, juvenile would not have been subject to the imposition of a Level 3 disposition.

Appeal by juvenile from order entered 26 November 2012 by Judge Regan A. Miller in Mecklenburg County District Court. Heard in the Court of Appeals 24 October 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Adam M. Shestak, for the State.*

*Geeta N. Kapur, for juvenile-appellant.*

ERVIN, Judge.

Juvenile A.F.[1] appeals from an order denying his motion to modify adjudication and disposition orders entered on 8 October 2012. On appeal, Aaron argues that the trial court should have granted his modification motion on the grounds that the trial court erroneously assigned him two additional delinquency history points based upon the incorrect assumption that he was still on probation at the time that he committed the offense underlying the challenged disposition order and, in the absence of the assignment of these additional delinquency history points, he would not have been subject to the imposition of a Level 3 disposition.[2] After careful consideration of Aaron's challenges

---

1. A.F. will be referred to throughout the remainder of this opinion as "Aaron," a pseudonym used for ease of reading and to protect the juvenile's privacy.

2. Although Aaron challenges the trial court's disposition order in addition to the order denying his modification motion in his brief, he did not make any reference to

**IN RE A.F.**

[231 N.C. App. 348 (2013)]

to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be reversed and that this case should be remanded to the Mecklenburg County District Court for further proceedings not inconsistent with this opinion.

## I. Factual Background

On 14 September 2010, Aaron was adjudicated to be a delinquent juvenile based upon a determination that he had committed the offense of misdemeanor breaking and entering. In view of the fact that Aaron had not been previously adjudicated to be a delinquent juvenile, Judge Kimberly Best-Staton imposed a Level 1 disposition, placed Aaron on juvenile probation for a period of nine months, and ordered Aaron to comply with certain specific conditions of probation, such as attending school regularly.

On 31 March 2011, Aaron's juvenile court counselor filed a motion for review asserting that Aaron had violated the conditions of his probation as a result of the fact that he had been suspended from school. On 9 May 2011, a juvenile petition was filed alleging that Aaron should be adjudicated to be a delinquent juvenile for committing the offense of possessing a knife on school property. On 13 June 2011, after Aaron admitted the allegations contained in the motion for review and to having committed the offense of possessing a weapon on school property, Judge Best-Staton imposed a Level 2 disposition, extending Aaron's probationary period for an additional six months.

On 24 August 2011, Aaron's juvenile court counselor filed a second motion for review alleging that Aaron had violated certain conditions of his probation by failing to comply with his curfew, failing to complete required community service hours, and failing to appropriately participate in court-ordered rehabilitation programs. After Aaron admitted to these alleged probation violations, Judge Best-Staton entered a disposition order on 16 December 2011 in which the period during which Aaron was required to remain on juvenile probation was extended for an additional six months ending on 13 June 2012.

---

the disposition order in his notice of appeal. According to N.C.R. App. P. 3(d), a notice of appeal "shall designate the judgment or order from which appeal is taken." "Proper notice of appeal is a jurisdictional requirement that may not be waived." *Chee v. Estes*, 117 N.C. App. 450, 452, 451 S.E.2d 349, 350 (1994). For that reason, "the appellate court obtains jurisdiction only over the rulings specifically designated in the notice of appeal as the ones from which the appeal is being taken." *Id.* As a result, the only order that is properly before this Court in light of the wording of Aaron's notice of appeal is the order denying his modification motion.

On 21 March 2012, Aaron's juvenile court counselor filed another motion for review in which she alleged that Aaron had violated the terms and conditions of his probation by being suspended from school and failing to comply with his curfew. Although a hearing concerning the merits of the 21 March 2012 motion for review was calendared for 10 April 2012, the record contains no indication that either Aaron or his parents were served with notice of that hearing.

After his failure to attend the 10 April 2012 hearing, the trial court entered an order directing that Aaron be placed in secure custody pending a hearing on the motion for review and issued an order requiring Aaron's father to show cause why he should not be held in contempt. Although another hearing was held on 1 June 2012, neither Aaron nor his father attended this proceeding. On 10 August 2012, Aaron was located and placed in secure custody.

A juvenile petition alleging that Aaron should be adjudicated delinquent for committing the offenses of felonious breaking and entering and felonious larceny on 9 August 2012 was filed on 30 August 2012. An adjudicatory hearing was held on 8 October 2012, at which Aaron admitted that he had violated the terms of his probation as alleged in the 21 March 2012 motion for review and that he had committed the offense of felonious breaking and entering on 9 August 2012. In exchange for Aaron's admissions, the State voluntarily dismissed the allegation that Aaron should be adjudicated a delinquent juvenile for committing the offense of felonious larceny. After accepting these admissions, the trial court calculated Aaron's delinquency history pursuant to N.C. Gen. Stat. § 7B-2507 by assigning him one point for the delinquency adjudication based upon the commission of the offense of misdemeanor breaking and entering, one point for the delinquency adjudication based upon the commission of the offense of possessing a weapon on school property, and two points based upon a determination that Aaron was on probation at the time that he committed the felonious breaking and entering for which disposition was being entered. In light of this delinquency history calculation, the trial court had the authority to classify Aaron as either a Level 2 or a Level 3 offender. At the conclusion of the 8 October 2012 hearing, the trial court determined that a Level 3 disposition order should be entered and ordered that Aaron be committed to the custody of the Department of Juvenile Justice and Delinquency Prevention for placement in a youth development center for an indefinite period not to extend past his eighteenth birthday.

On 13 November 2012, Aaron filed a motion for modification of the 8 October 2012 adjudication and disposition orders in which he asserted

that, in light of the fact that he was not on probation when he committed the offense of felonious breaking or entering on 9 August 2012, the trial court had erroneously assigned the two additional points associated with the commission of an offense while on probation in calculating his delinquency history level. For that reason, Aaron further contended that he only should have been assigned two delinquency history points and that the trial court lacked the authority to impose a Level 3 disposition or order that he be placed in a youth development center. After a hearing held on 26 November 2012, the trial court entered an order denying Aaron's modification motion. Aaron noted an appeal to this Court from the trial court's order.

## II.  Substantive Legal Analysis

In his brief, Aaron argues that the trial court erred by denying his modification motion. More specifically, Aaron contends that the record reflects that he was not, contrary to the trial court's calculation of his delinquency history level, on probation on the date upon which he committed the felonious breaking or entering which led to the entry of the challenged disposition order and that, except for the erroneous assignment of these two delinquency history points, he was not subject to the imposition of a Level 3 disposition. Aaron's argument has merit.

### A.  Modification Motions

Upon a motion or petition and "after notice, the court may conduct a review hearing to determine whether the order of the court is in the best interests of the juvenile, and the court may modify or vacate the order in light of changes in circumstances or the needs of the juvenile." In re J.S.W., 211 N.C. App. 620, 623-24, 711 S.E.2d 471, 473 (2011) (quoting N.C. Gen. Stat. § 7B-2600(a)(2009)). In juvenile delinquency proceedings, a trial court "may reduce the nature or the duration of the disposition on the basis that it was imposed in an illegal manner or is unduly severe with reference to the seriousness of the offense, the culpability of the juvenile, or the dispositions given to juveniles convicted of similar offenses." N.C. Gen. Stat. § 7B-2600(b). As a result, a trial court has the authority to modify an earlier disposition order pursuant to N.C. Gen. Stat. § 7B-2600 in the event that the disposition reflected in that order was inconsistent with applicable legal requirements.

### B.  Standard of Review

As we have already noted, N.C. Gen. Stat. § 7B-2600(a) provides that "the court may conduct a review hearing . . . and may modify or vacate the order. . . ." "[T]he use of [the word] 'may' generally connotes permissive

or discretionary action and does not mandate or compel a particular act." *Campbell v. First Baptist Church of the City of Durham*, 298 N.C. 476, 483, 259 S.E.2d 558, 563 (1979). In the event that the result reached with respect to a particular issue is committed to the sound discretion of the trial court, appellate review is limited to determining whether the trial court abused that discretion. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "A [trial] court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047, 135 L. Ed. 2d 392, 414 (1996) (cited with approval in *State v. Rhodes*, __ N.C. __, __, 743 S.E.2d 37, 39 (2013)). As a result, although N.C. Gen. Stat. § 7B-2600(a) is couched in discretionary language and although many decisions that a trial court is authorized to make in ruling upon a modification motion made pursuant to N.C. Gen. Stat. § 7B-2600 would be analyzed by this Court on the basis of an abuse of discretion standard of review, the extent to which the trial court exercised its discretion on the basis of an incorrect understanding of the applicable law raises an issue of law subject to *de novo* review on appeal. *Falk Integrated Technologies, Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999) (stating that "[a]lleged errors of law are subject to *de novo* review"). Thus, given that Aaron's challenge to the denial of his modification motion rests upon a contention that the trial court lacked the statutory authority to impose a Level 3 disposition or to order that he be placed in a youth development center for an indefinite term not to exceed his eighteenth birthday, we will review his challenge to the trial court's order using a *de novo* standard of review.

### C.  Delinquency History Calculation

According to N.C. Gen. Stat. § 7B-2508, a trial court must establish the disposition to be imposed following an adjudication of delinquency based upon the juvenile's delinquency history level and the level at which the offense upon which the adjudication of delinquency is based.

> The delinquency history level for a delinquent juvenile is determined by calculating the sum of the points assigned to each of the juvenile's prior adjudications and to the juvenile's probation status, if any, that the court finds to have been proved in accordance with this section.

N.C. Gen. Stat. § 7B-2507(a)(2012). Delinquency history points are assigned on the following basis:

> (1)  For each prior adjudication of a Class A through E felony offense, 4 points.

(2) For each prior adjudication of a Class F through I felony offense or Class A1 misdemeanor offense, 2 points.

(3) For each prior adjudication of a Class 1, 2, or 3 misdemeanor offense, 1 point.

(4) If the juvenile was on probation at the time of offense, 2 points.

N.C. Gen. Stat. § 7B-2507(b). After the number of delinquency history points has been determined, a juvenile who has been adjudicated delinquent is assigned a particular delinquency history level depending on the number of points which he or she has accumulated, with a juvenile having a low delinquency history level if he or she has no more than one point, a medium delinquency history level if he or she has either two or three points, and a high delinquency history level if he or she has at least four points. N.C. Gen. Stat. § 7B-2507(c). In light of the delinquency history level which the trial court determines to be appropriate pursuant to N.C. Gen. Stat. § 7B-2507(a) and the extent to which the offense for the commission of which the juvenile has been adjudicated to be a delinquent juvenile is determined to be "violent," "serious," or "minor," as those categories are defined in N.C. Gen. Stat. § 7B-2508(a), the trial court must then determine whether the juvenile should be subject to a Level 1, or community, disposition; a Level 2, or intermediate, disposition; or a Level 3, or commitment level, disposition using the dispositional chart set out in N.C. Gen. Stat. § 7B-2508(f). *In re Allison*, 143 N.C. App. 586, 597, 547 S.E.2d 169, 175-76 (2001). A juvenile adjudicated delinquent for committing felonious breaking or entering, such as Aaron, is only subject to a Level 3 disposition in the event that he or she has a "high" delinquency history. N.C. Gen. Stat. § 7B-2508(f).

At the 8 October 2012 dispositional hearing, the trial court properly assigned Aaron one delinquency history point based on the commission of a prior misdemeanor breaking and entering and another delinquency history point for possessing a weapon on school grounds. In addition, the trial court assigned Aaron two delinquency history points on the basis of a determination that Aaron was on probation on 9 August 2012, the date upon which he committed the felonious breaking or entering offense which led to the entry of the trial court's dispositional decision. As a result, the trial court awarded Aaron a total of four delinquency history points, giving Aaron a high delinquency history as that term is defined in N.C. Gen. Stat. § 7B-2507(c). In light of the trial court's determination that Aaron had a high delinquency history level and the fact

that felonious breaking or entering, which is a Class H felony, is classified as a serious offense for purposes of N.C. Gen. Stat. § 7B-2508(a) (2), the trial court concluded that it was authorized to impose a Level 3 disposition and to order that Aaron be committed to a youth development center for an indefinite period not to exceed his eighteenth birthday pursuant to N.C. Gen. Stat. § 7B-2508(f).

According to Aaron, the trial court erred by awarding him two delinquency history points for committing an offense while on probation on the grounds that his probation had expired on 13 June 2012 and had never been extended by the trial court, a fact which precluded the assignment of the two additional delinquency history points in question. After the removal of these erroneously assigned points from his delinquency history calculation, Aaron had only two prior delinquency history points, giving him a medium delinquency history level for purposes of N.C. Gen. Stat. § 7B-2507(c). As a result of the fact that juveniles with a medium delinquency history level who commit a "serious" offense are only subject to a Level 2 disposition, Aaron contends that the trial court lacked the authority to impose a Level 3 disposition and to order his placement in a youth development center and erred by failing to correct this error in the course of ruling on his modification motion.

Although the State does not deny the validity of Aaron's contention that the record is completely devoid of any explicit indication that Aaron's probation was ever extended past 13 June 2012 or that Aaron's challenge to the trial court's dispositional decision would be meritorious in the event that his probation had expired prior to the date upon which he committed the felonious breaking or entering upon which the trial court's dispositional order rested, it argues that the trial court did not err by denying Aaron's motion on the grounds that the trial court extended Aaron's probation on 8 October 2012 immediately prior to the making of the determination that the two disputed delinquency history points should be assigned to Aaron. In support of this argument, the State directs our attention to *In re T.J.*, in which this Court held that a trial court has the authority to modify a juvenile's probation within a reasonable amount of time after its expiration pursuant to N.C. Gen. Stat. § 7B-2510, *In re T.J.*, 146 N.C. App. 605, 607, 553 S.E.2d 418, 419 (2001), with the determination of what constitutes a "reasonable amount of time" dependent on the amount of time necessary for the court to schedule and for the parties to prepare for such a hearing. *Id.* Although we acknowledged in *T.J.* that a trial judge had the discretion to modify a juvenile's probation within a reasonable time after expiration, *T.J.*, 146 N.C. App. at 608, 553 S.E.2d at 420, we reached that conclusion in a

context in which the trial court clearly exercised the extension authority that we recognized in that decision and in which the authority in question was for the purpose of extending the juvenile's probation in response to a probation violation which had been the subject of a motion for review filed prior to the expiration of the juvenile's initial probationary period.

In spite of the fact that the trial court had limited authority under *T.J.* to extend Aaron's probation after the expiration of his probationary period, the extension argument upon which the State relies fails because the trial court never actually extended Aaron's probation in this case. At the hearing held for the purpose of considering Aaron's modification motion, the trial court acknowledged that it had awarded the challenged delinquency history points to Aaron without having specifically extended his probation. Instead, the trial court stated that "the assumption here is that I [extended the probationary period] at the October hearing by assigning him the additional two points," explaining that:

> I know what we did do, and I have to level with that . . . . that I signed from the two points thinking that that was necessary because he was still on probation[.] And so, therefore, inherently . . . I had ruled that the probationary period had extended and the two points should have been assigned. 'Cause otherwise . . . I couldn't have assigned those two points without making that determination. So I'm stuck with that. I guess, I'm stuck with that.

Although the State asserts that these explanatory comments demonstrate that, since the trial court decided to assign Aaron two additional delinquency history points based on a determination that Aaron's probation had been extended, the trial court must have extended his probation, we do not find this argument persuasive. Aside from the fact that the extension of Aaron's probation upon which the State relies was, at best, implicit, the State has not cited, and we have not during our own research identified, any authority supporting a conclusion that a trial judge has the authority to determine on a retroactive basis that it had extended a juvenile's probation and, based upon that determination, to assign additional delinquency history points for the commission of an offense during the retroactively extended probationary period. As a result of the obvious risk of injustice which would inhere in allowing the assignment of additional delinquency history points based upon such an implied retroactive extension of probation and the complete absence of any statutory support for such a practice, we decline to accept the State's argument to the effect that the trial court was authorized to add two additional points to Aaron's delinquency history calculation on the

theory that the trial court implicitly and retroactively extended Aaron's probationary period to include the date upon which he committed the offense underlying the challenged dispositional order.

In addition to advancing this implicit extension argument, the State also contends that the trial court did, in fact, expressly extend Aaron's probation. In support of this assertion, the State directs our attention to the fact that Aaron acknowledged in his transcript of admission that he understood that his delinquency history could subject him to the imposition of a Level 3 disposition, a disposition level that was only made possible by the assignment of the additional two delinquency points which he now challenges as having been erroneously utilized to determine his delinquency history level. In addition, the State notes that the parties stipulated to Aaron's prior delinquency history at the 8 October 2012 disposition hearing. We do not believe that either of these facts establish that the trial court actually extended Aaron's probationary period.

According to N.C. Gen. Stat. § 7B-2510(d), "[t]he conditions or duration of probation may be modified only as provided in this Subchapter and only after notice and a hearing." N.C. Gen. Stat. § 7B-2510(d). The fact that Aaron acknowledged that he was subject to the imposition of a Level 3 disposition or the fact that Aaron conceded the existence of the challenged delinquency history points prior to the entry of the challenged disposition order does not satisfy the statutory requirements for the extension of his probation set out in N.C. Gen. Stat. § 7B-2510 given that no hearing was ever held concerning the extent, if any, to which Aaron's probation should be extended. Simply put, we cannot accept the State's assertion that Aaron's "understanding" of the disposition level to which he might be subject or the content of his prior delinquency history constituted sufficient compliance with the statutory requirements applicable to the extension of a juvenile's probationary period. Thus, we do not find this aspect of the State's defense of the trial court's order persuasive either.

The ultimate difficulty with the defense of the trial court's decision which the State has mounted on appeal in this case is simply that, without having ever extended Aaron's probation, the trial court assigned an additional two points in calculating Aaron's delinquency history. In the absence of the assignment of those delinquency history points, the trial court had no authority to impose a Level 3 disposition and order that Aaron be placed in a youth development center. In denying the modification motion, the trial court appears to have acknowledged the fact that Aaron's probation was never extended, stating that:

[I]f you had asked me then, I would have probably specifically made a ruling not to extend the probationary period, not to have signed the two additional points, and we would be . . . stuck with a Level Two. . . . 'Cause I might have said, well, that doesn't seem fair that he wasn't on notice at the time of the August offense that he was still on probation 'cause we hadn't made that determination.

In spite of its acknowledgement that Aaron's probation had not been extended, that Aaron was not actually on probation at the time that he committed the felonious breaking or entering for which disposition was being entered, and that it had had no authority to impose a Level 3 disposition in the absence of the assignment of the challenged delinquency history points, the trial court denied Aaron's modification motion. In making this determination, the trial court failed to correct an error of law embodied in the 8 October 2012 dispositional order. As a result, given that the trial court failed to correct an unlawfully entered disposition order, we hold that the trial court erred by denying Aaron's modification motion.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court erred by denying Aaron's modification motion. As a result, the trial court's order should be, and hereby is, reversed, and this case should be, and hereby is, remanded to the Mecklenburg County District Court for further proceedings not inconsistent with this opinion, including the entry of a new disposition order which is based upon a correct delinquency history calculation and which imposes a Level 2, rather than a Level 3, disposition.

REVERSED AND REMANDED.

Judges GEER and STEPHENS concur.